Trager, Trustee, &c. *v.* The State ex rel. Goudie.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. A. Harrison* and *W. S. Sherley,* for the appellant.

*Buskirk & Broadwell,* and *McDonald, Roache & Lewis,* for the appellee.

---

TRAGER, Trustee, &c. *v.* THE STATE *ex rel.* GOUDIE.

COMMON SCHOOLS, LOCATION OF—PRACTICE.—Under the provisions of the common school law of *March* 11, 1861, the inhabitants of a township, or any portion of them, may petition the trustee for the location of an additional school district, or the erection of a school house, and, if the prayer of their petition is refused by him, they may appeal to the school examiner, and, if he reverse the decision of the trustee, it will be the duty of the latter to grant the prayer of said petition, and, if he still refuse, he may be compelled to do so by mandate. Acts 1861, p. 70, § 9, *et seq.; id.* p. 75, § 25.

APPEAL from the *Franklin* Common Pleas.

DAVISON, J.—*Joseph Goudie,* for himself and others, instituted a proceeding, by mandate, against *Jacob Trager,* as trus-

tee of *Brookville* township. The affidavit, which is the complaint, upon which the proceeding is founded, alleges substantially these facts :

*Goudie*, and others, to the number of thirteen, citizens of sections numbered 36, 25 and 34, in *Brookville* township, *Franklin* county, having children entitled to the privilege of attending common school, by petition, represented to the trustee of said township, that they had been, for some time past, deprived of the benefit of such school, on account of the great distance, and asked him, amongst other things, to constitute them into a district for school purposes, and to adopt the school house they then held in the corner of *Joseph Goudie's* field, and to grant them their share of the school funds. The prayer of their petition was refused by *A. B. Herndon*, the then trustee of the township, and an appeal from his decision was granted by him to the School Examiner of the county, who, having received the appeal, decided that an additional school be located, as prayed for by the petitioners, to which they were to be attached for school purposes, and that in the then next distribution of the school revenue, said school be placed on an equal footing with other schools of the several districts of the township. It is alleged that *Herndon*, as such trustee, while in office, failed to comply with the decision of the School Examiner, and that *Trager*, the present trustee, has also refused compliance therewith, &c. The relief sought is, that a writ of mandate issue, requiring *Trager*, as such trustee, to locate a school, as prayed for by the petitioners, according to the decision of the School Examiner, &c.

To this complaint, the defendant, *Trager*, appeared and answered :

1. That the proceedings recited in the complaint are without authority of law, and void; that school districts can not be changed, or sites for new school houses located by or on

Trager, Trustee, &c. v. The State ex rel. Goudie.

petition simply, but can only be done by or at a regularly called meeting of the inhabitants of the district, &c.

2. That defendant, and his predecessors in office, have established a sufficient number of schools in said township, for the education and convenience of all the children therein; have built, and otherwise provided, a sufficient number of school houses for the convenience and education of said children, and the location of the school prayed for would be a useless expenditure, &c.

3. The school house already erected in the district is sufficiently commodious and conveniently located for the accommodation of all the children of the district, &c., and there is not a sufficient number of children therein to support two schools, &c.

4. That after the filing of the petition referred to in the complaint, and the decision of the School Examiner, the director of the district, in which said petitioners reside, regularly called a school meeting of the inhabitants therein, at which meeting they, the inhabitants, determined to retain in that district all the territory embraced within its boundaries prior to the decision of the School Examiner; and, further, they, at said meeting, petitioned the trustee, through their director, to disregard the decision of the Examiner, &c.

Plaintiff demurred to the answer. The demurrer was sustained, and final judgment was accordingly given, &c.

The first defence involves the main inquiry in the case. Were the proceedings, recited in the complaint, inoperative and void? If they were not, then it was the duty of the trustee to carry into effect the decision of the School Examiner. An act to provide for a general system of common schools, &c., points out the duties of the trustee. It says: "He shall take charge of the educational affairs of the township, and establish, and conveniently locate, a sufficient number of schools therein, for the education of the children.

therein." Acts, 1861, p. 70, sec. 9. Now, if, in the opinion of the inhabitants of the township, or any portion of them, the trustee had failed to locate a sufficient number of schools, as required by the act, we perceive no reason why they should not have the right to call on him, by petition, and thus present a case for his consideration. Such a proceeding does not appear to be in conflict with any of the provisions of the act, and is, it seems to us, consistent with a proper execution of the law. It is true, as contended, that the inhabitants of the township, at their regular school meetings, have a right "to memorialize the trustee in reference to the removal or erection of school houses, and upon any other subject connected with their school township." *Id.* p. 75, sec. 25. But that right is not, by the statute, made exclusive, and hence the trustee may, in our opinion, legally act upon a petition presented to him by persons who are inhabitants of the school township, though it did not originate at such regular meeting. Section 39, of the act to which we have referred, provides, that "appeals shall be allowed from decisions of the trustees, relative to school matters, to the School Examiners, who shall receive and promptly determine the same, according to the rules which govern appeals from justices of the peace to the Common Pleas or Circuit Courts, so far as such rules are applicable; and their decisions of all local questions, relating to the establishment of schools, and the location, building, repair, or removal of school houses, or transfer of persons for school purposes, shall be final." *Id.* p. 78. This section very clearly gave the School Examiner jurisdiction, on the appeal to him from the trustee, of the subject-matter of the petition; and, if his decision is final and operative, and we think it is, the paragraphs of the answer do not, nor does either of them, constitute a bar to the action.

An objection is made as to the sufficiency of the affidavit, upon which the proceeding is based; but, having looked into

it, we are of opinion, that, for the purposes of this suit, it is substantially sufficient. The judgment must be affirmed.

*George Holland, Thomas B. Adams, C. C. Binkley,* and *Fielding Berry,* for the appellant.

*J. M. Johnston* and *W. V. Kyger,* for the appellees.