Braden v. McNutt, Trustee.

No. 13,116.

BRADEN v. McNUTT, TRUSTEE.

COMMON SCHOOLS.—*School-Houses.*— *Location.*—*Discretion of Trustee.*—The question as to where township school-houses shall be located, and when land shall be acquired for that purpose, is left by the statute to the sound discretion of the trustee. Section 4517, R. S. 1881.

SAME.—*Appeal to County Superintendent.*— Upon an application by the trustee to the circuit court to acquire land for school-house purposes, questions respecting the location selected are not triable. The method of trying such questions is by appeal to the county superintendent, as provided in section 4537, R. S. 1881.

From the Clinton Circuit Court.

*J. C. Suit,* for appellant.

*J. V. Kent* and *J. W. Merritt,* for appellee.

ELLIOTT, J.—The appellee, as trustee of Washington township, Clinton county, filed his petition in the Clinton Circuit Court representing that it was necessary to acquire a parcel of land owned by the appellant, for the purpose of building a school-house upon it, and praying that appraisers be appointed to assess the value of the land. Notice was issued and served upon the appellant. He appeared and moved to reject the petition, but his motion was overruled.

The trial court did not err in overruling the appellant's motion. The question as to where school-houses shall be located, and when land shall be acquired for the purpose of building school-houses, is one to be determined by the school trustee in the exercise of the discretionary authority with which the statute clothes him. The law confers a very broad discretion upon the trustee, for it provides that "Whenever, in the opinion of the trustees of school corporations or of the township trustee of any township in this State, it shall be considered necessary to purchase any real estate on which to build a school-house," he may file a petition and secure the appointment of appraisers. R. S. 1881, section 4517. A

statute could hardly be more comprehensive than the one under mention, and as a discretion is conferred upon the trustee the court can not control its exercise. *City of Kokomo* v. *Mahan,* 100 Ind. 242; *Weaver* v. *Templin,* 113 Ind. 298, and cases cited; *State, ex rel.,* v. *Sherman,* 90 Ind 123.

It is probably true that courts might prevent an abuse of the discretion vested in the school authorities, but conceding this, still the appellant can not prevail, for he is not in a situation in such a proceeding as this to attack the decision of the trustee, nor, indeed, does he show any abuse of discretion, even if he were in a situation to attack the judgment of the trustee. But we do not think the appellant can here attack the judgment of the trustee, for the law does not provide for the trial of any such question on an application of the trustee to acquire land for the purpose of erecting a school-house upon it; on the contrary, the method of trying such questions is, as the statute expressly provides, by appeal to the county superintendent. R. S. 1881, section 4537; *State, ex rel.,* v. *Sherman, supra.*

The policy of the school laws is to leave with the school authorities the decision of all such questions as those presented by this record. It is obvious that great injury might result if questions respecting the location of school-houses and of providing school facilities should be made matters for trial by jury, and to avoid this result and to prevent confusion these questions have been wisely committed to the officers charged by law with the management of our school system. It is evident that, in such matters as this, much must, of necessity, always be left to the discretion of the public officers, and much is by the statute committed to their discretion. It is a familiar rule, as we have already suggested, that, where a discretion is conferred upon a public officer, a court can not substitute its judgment of the expediency or wisdom of an act for that of the officer selected by law.

The exceptions to the report of the appraisers present no questions that the circuit court could try, for they go only to the question of the expediency and necessity for locating the school-house on the land selected by the trustee.

The filing of the petition by the trustee was sufficient evidence of his decision that it was necessary to locate the school-house on the land he sought to acquire under the statute.

Judgment affirmed.

Filed March 23, 1888.