Filed June 5, 1889.

No. 13,611.

TUFTS, TRUSTEE, *v.* THE STATE, EX REL. SMITH ET AL.

TOWNSHIP TRUSTEE.—*Discontinuance of School.—Discretion.—Mandamus.*— Where a township trustee, acting in good faith and in the exercise of his discretion, discontinues a school previously maintained in a schoolhouse owned by the township, on account of the smallness of the attendance, his decision will not be reviewed by the courts, and mandamus will not lie to compel him to re-establish the school.

SAME.—*Omission to Enter Order of Discontinuance of Record.*—The trustee having reached a decision and given notice thereof, a mere omission to enter his order of discontinuance of record at the time it was made is not a material matter.

From the Dearborn Circuit Court.

*H. D. McMullen* and *W. A. Greer,* for appellant.
*J. K. Thompson,* for appellees.

ELLIOTT, C. J.—The relators applied for and obtained a writ of mandate, directed against the appellant as a school trustee of Washington township, Dearborn county. They allege in their petition that they are voters of the township, and taxpayers for school and other purposes; that each of

them is the head of a family, and has children entitled to
attend school in school-house No. 2 of the township ; that
school has been regularly taught in that school-house for
more than fifteen years ; that the defendant, as school trus-
tee, has money in his hands belonging to the tuition fund of
the township ; that it was his duty to employ a teacher for
school No. 2 ; that he has refused to perform that duty ;
that there are four schools in the township, all of which
have been regularly conducted for more than fifteen years,
and that the building and furniture for school No. 2, is
owned by the township for school purposes.

The allegations of the amended return of the appellant
may be thus summarized :   That the appellant, as school
trustee, believing it to be for the best interest of the school
township, did, on the 15th day of June, 1886, abolish school
No. 2, and directed that the pupils theretofore enumerated
for and allotted to that school be allowed to attend any of
the other schools in the township that their parents or guar-
dians might select; that he notified the relators, and all
others having children entitled to attend school No. 2, of his
action abolishing the school, and offered to make the proper
transfer to such schools of the township as they might des-
ignate, without any expense for tuition ; that all of the re-
lators, except Robert A. Smith, refused to designate the
school they desired pupils to attend ; that in school-houses
Nos. 1, 3 and 4 there are good schools, taught by competent
teachers, and good and sufficient school accommodations;
that the average attendance at school No. 1, from the begin-
ning, has been only twenty-four ; that the average attend-
ance at school No. 3 has been only eighteen, and at school
No. 4 only sixteen pupils ; that there has been in force in
Dearborn county, for more than two years, a rule adopted by
the county board of education, reading thus : " Whenever
the attendance at any school shall be reduced to six persons,
for five successive days, such school shall be discontinued ;
provided such reduced attendance is not caused by sickness,

or other causes providential;" that during the last two months of the last term of school No. 2 the daily average attendance was only four pupils, and during the last four weeks of the term the average daily attendance was not three pupils, and that the reduced attendance was "not caused by sickness, or other causes providential;" that there are no children desirous of attending school No. 2, other than those referred to in the petition of the relators."

There are other allegations in the return, but we do not deem it necessary to refer to them.

We regard the return as sufficient, and hold that the trial court erred in declaring it bad. It shows that the trustee did not arbitrarily and unreasonably exercise the authority vested in him in discontinuing school No. 2, and the courts can not review the action taken by him. It is a general rule that courts will not revise the exercise of discretionary authority by a public officer, for, as long as he acts in good faith and within the general scope of his authority, he is not subject to judicial control. *Weaver* v. *Templin,* 113 Ind. 298; *Leeds* v. *City of Richmond,* 102 Ind. 372; *City of Kokomo* v. *Mahan,* 100 Ind. 242; *Mayor* v. *Roberts,* 34 Ind. 471.

The fact that the school township owns the school-house and furniture does not, of itself, compel the trustee to cause school to be kept in it. The trustee may, for good cause, discontinue a school; and he may, therefore, do so when the attendance has become so small as to satisfy him that no good purpose can be accomplished by keeping the school open. Our decisions upon this subject go much farther than we are required to do in this instance, and we can not, without overruling them (and this we have no disposition to do), uphold the ruling of the court below. *Koontz* v. *State, ex rel.,* 44 Ind. 323; *State, ex rel.,* v. *Mewhinney,* 67 Ind. 397; *State, ex rel.,* v. *Sherman,* 90 Ind. 123.

The power of determining when a school shall be discontinued must necessarily be lodged in some officer, and his decision must be final, unless bad faith is shown. If this

be not true, then a school once established can not be discontinued, although no more than one pupil attends. The law never contemplated such a result.

We do not regard the omission of the trustee to enter his order of record at the time it was made as materially affecting the question. If he reached a decision and gave notice, he can not be compelled to reverse that decision, although he may not have entered his order of record at the proper time.

Judgment reversed.

Filed June 5, 1889.