KESSLER, TRUSTEE, *v.* THE STATE, EX REL. CLARK ET AL.

[No. 17,815. Filed November 12, 1896.]

SCHOOLS.—*Relocation of School Building.—Power of Township Trustee.—Statute Construed.*—Sections 5920, a, b and c, Burns' R. S. 1894, providing that the change of site and removal of school building must be done by petition to county superintendent signed by

township trustee and a majority of the patrons of the school where the building is located, takes away the discretion hitherto exercised by township trustees under section 4444, R. S. 1881, in the matter of the removal and relocation of the site of a public school building.

SAME.—*Moving School Building.*—*Erection of New Building on New Site.*—*Statute Construed.*—Sections 5920, a, b and c, Burns' R. S. 1894, must be construed as applicable alike to cases where it is desired to build a new schoolhouse in a new location, as it is to the mere removal of a schoolhouse to a new location.

From the Tippecanoe Superior Court. *Affirmed.*

*G. P. Haywood* and *C. A. Burnett*, for appellant.

*Davidson & Storms* and *C. E. Thompson*, for appellees.

HOWARD, J.—This action was brought by the relators for a writ of mandate, to require the appellant school trustee to employ a teacher for and to take charge of and maintain a school in schoolhouse No. 1, located in the village of Conroe, in said township.

A demurrer to the complaint and to the alternative writ issued thereon having been overruled, the appellant filed his return to the writ in five paragraphs, the first being a general denial and the remaining paragraphs special pleas, setting out a history of the trustee's action in relation to the school in question. The court sustained demurrers to the several special paragraphs of answer, whereupon the appellant withdrew his answer in general denial and elected to stand upon the court's rulings upon the demurrers. Judgment was then entered in accordance with the prayer of the complaint, and the mandate made peremptory.

The facts as recited in the complaint do not differ essentially from those stated in the answer. If, therefore, the action of the court in overruling the demurrer to the complaint was correct, the judgment should be affirmed, otherwise it should be reversed.

From the allegations of the complaint and alternative writ it appears, that for over fifty years prior to the beginning of this action the school in question, located in said village of Conroe, and designated as schoolhouse No. 1, had been maintained by the successive school trustees of Lauramie township as a public school therein, under authority of law and in connection with the other schools of said township. But at the beginning of the current school year of 1895-6, the said trustee, it is alleged, neglected and refused, and still neglects and refuses, to employ a teacher for said school; he has caused the seats and desks to be taken therefrom, and refuses to take care of or exercise any control over said schoolhouse, and proposes to allow the same to go to waste and fall into disuse and ruin, and has suffered the building to be occupied and detained from the township by a person who is using it as a residence.

It is further alleged, "that the relators have unanimously requested said Kessler, as such trustee, to employ a teacher for said school, but he refused, and still refuses to do so, and assigns as a reason for such refusal that one James Fickle, his immediate predecessor as such school trustee of said township, in the year 1895, after the close of the school year of 1894-5, changed and relocated the site of said schoolhouse No. 1 at another place, about three-fourths or seven-eights of a mile distant from said schoolhouse at Conroe, and had there erected another schoolhouse; but the relators aver that no such change of site or location of said schoolhouse had been made by his predecessor, nor by any predecessor, nor had the location of said schoolhouse been in any way disturbed; that said predecessor had not at any time presented to the county school superintendent of schools a petition, pursuant to the statute, asking to change and re-estab-

lish the site of said school building; nor was any such petition signed by said trustee or any trustee, and by a majority or any number of the patrons of said school; nor had said trustee or any trustee attempted in any respect to comply with said statute relating to the change of the location of schoolhouses."

It is provided in our school law, section 5920, Burns' R. S. 1894 (4444, R. S. 1881), that "The trustees shall take charge of the educational affairs of their respective townships, towns and cities. They shall employ teachers; establish and locate, conveniently, a sufficient number of schools for the education of the white children therein; and build, or otherwise provide, suitable houses, furniture, apparatus, and other articles and educational appliances necessary for the thorough organization and efficient management of said schools."

Appellant contends that, under the foregoing statute, he had full authority, as school trustee of Lauramie township, to do all the acts of which complaint is made by the appellee's relators; that, by the provisions of said statute, he was sole judge as to the employment of teachers and the location or removal of schools, subject only to appeal to the county superintendent, as provided in section 6028, Burns' R. S. 1894 (4537, R. S. 1881). *Trager, Tr.,* v. *State, ex rel.,* 21 Ind. 317; *Knight, Tr.,* v. *Woods,* 129 Ind. 101.

It is true that, under said statute, it was formerly held by this court that, subject to appeal to the county superintendent, the discretion of the school trustee in relation to matters specified in the statute could not be controlled, save only, perhaps, in case of a clear abuse of such discretion. *Crist* v. *Brownsville Tp.,* 10 Ind. 461; *Braden* v. *McNutt,* 114 Ind. 214.

Counsel for appellee, however, earnestly insist that the statute cited, and the decisions of this court in re-

lation thereto, are not applicable to the facts shown in the case at bar; and that this case is governed by the act approved February 7, 1893 (Acts 1893, p. 17; sections 5920 a, b and c, Burns' R. S. 1894).

Section 1 of said act provides, "That whenever it becomes necessary for the trustee of any township in this State to change and re-establish the site of any school building and remove said building to a new site and location therefor, such trustee shall first present to the county superintendent of schools of the county in which township it is situated, a petition setting forth therein the place and particular point to which it is desired to change and relocate the site of any such building, and to remove the same thereto, together with a brief statement of the purposes and reasons for such proposed change of location of said school building, and upon such petition shall first procure an order from such county superintendent authorizing him to change the site and location of such school building and remove said building to its new site and location: *Provided,* That said petition shall be signed by said trustee and the majority of the patrons of the school where said building is located, and satisfactory proof shall be made to said county superintendent that the persons signing said petition constitute a majority of the patrons of said school."

In section 2, provision is made for notice by the trustee to the patrons of the school of his intention to present such petition to the county superintendent.

It is confessed by the demurrer to the complaint that in the attempted change and relocation of the site of school No. 1, the trustee proceeded without any regard to the provisions of the foregoing statute. Counsel argue, however, that the statute has application only to cases where it is proposed to remove the school

building itself from one place to another in the district, and not to cases where it is desired to change the site of the school; so that, it is contended, the action of a trustee who simply wishes to erect a new school building at a place different from the location of the old one is not controlled by the statute.

This, it seems to us, would be a narrow view to take of the purpose and meaning of the act of the legislature. It is certainly a rare circumstance that it should be desired to send a house-mover to change the location of a school building. And why, in such a rare case, it should be judged necessary to have the trustee and a majority of the patrons of the school petition the county superintendent for leave to take the building from one place to another, while in the much more frequent case when it is desired to erect a new building at another place, the trustee should be allowed to proceed at his own discretion, does not seem clear.

But we do not think that the language of the act admits of any such limited interpretation. The undoubted purpose of the legislature was to take away the discretion hitherto exercised by township trustees in so important a matter as the removal and relocation of the site of a school building. The language of the act shows that the intention was to give the majority of the patrons of the school a controlling voice in the removal of their school from the place where it had once been located. The judgment of the trustee and that of the county superintendent must also be united to that of the majority of the school patrons before such removal shall be allowed. The evident purpose of the legislature was that the reasons in favor of removal should be so conclusive that all persons concerned, including a majority of those most interested, namely, the patrons of the school, should unite in

favor of such removal before it could lawfully be carried out.

Neither the school trustee by himself, therefore, nor even the trustee and the county superintendent together, on appeal from the former to the latter, have power, without the concurrence of the majority of the patrons of the school, to change the location of a school when once fixed. The legislature saw fit to take this matter from the arbitrary control of the school officers and to restore it to those to whom it originally belonged, the people of the school district itself. For a case much like the case at bar, and decided under a statute similar to our own, see *State, ex rel.,* v. *Marshall,* 13 Mont. 136, 32 Pac. 648.

Judgment affirmed.