STATE, EX REL. BALLARD ET AL., v. WILSON, TRUSTEE OF JACKSON SCHOOL TOWNSHIP.

[No. 18,294.   Filed January 6, 1898.]

TOWNSHIP TRUSTEE.—*Power of to Redistrict Township for School Purposes.—Statute Construed.*—The act of February 7, 1893 (Acts 1893, p. 17), providing for the relocation of schoolhouses, in no way changes the power of the township trustee to redistrict his township for school purposes, and abolish school districts, when no new schoolhouses are built, or the sites of those already existing in districts not abolished, are not changed.

From the Cass Circuit Court.  *Affirmed.*

*Magee & Funk,* for appellant.

*Geo. W. Walters* and *Lairy & Mahoney,* for appellee.

MONKS, J.—This action was brought by the relator to compel appellee, by writ of mandamus, to employ a teacher for, and to maintain school No. 10, in the township of which he was trustee.  Appellee filed his return to the alternative writ, to which appellants filed a demurrer for want of facts, which was overruled.  At request of appellants, the court made a special finding of the facts and stated conclusions of law thereon, to each of which appellants excepted, and judgment was rendered in favor of appellee.

It appears from the special finding that for twenty years before the commencement of this action the schoolhouse known as "No. 10," had been one of the regularly established schoolhouses of said town-

ship, and school had been regularly maintained there the same as at the other schoolhouses of said township; that the schoolhouse was old and out of repair; that in 1896, before the commencement of the school in the fall, of the year, appellee as school trustee of said township, redistricted said township for school purposes, and thereby abandoned schoolhouse No. 10, and notified the patrons of that schoolhouse that they might have the privilege of sending to any school in the township which might be the most convenient. It does not appear that any new schoolhouses were erected under the new arrangement, or that the site of any schoolhouse was changed from one place to another in this same district.. Appellee afterwards employed teachers for all the schools of said township as redistricted, but did not employ any teacher for No. 10 which had been abandoned.

Under the provisions of section 5920, Burns' R. S. 1894 (4444, R. S. 1881), it has been held by this court that the township trustee has the power to redistrict his township for school purposes, and abolish a school district, when, in his judgment, public interests require it, subject to the right of appeal to the county superintendent. *State, ex rel., v. Sherman,* 90 Ind. 123; *Tufts* v. *State, ex rel.,* 119 Ind. 232.

Appellant, however, insists that, since the taking effect of the act approved February 7th, 1893, Acts 1893, p. 17, sections 5920a-5920c, Burns' R. S. 1894, (4444a-4444c, Horner's R. S. 1897) the rule is changed. It is clear from an examination of the provisions of the act cited, that it only applies when it is proposed to change the site of a schoolhouse from one point to another in the same school district. In such case the change of site can only be made by petition to the county superintendent, as provided in said act. *Kessler* v. *State, ex rel.,* 146 Ind. 221. Said act in no way

changes the power of the township trustee, as it existed before the passage of said act, to redistrict his township for school purposes, and abolish school districts, when no new schoolhouses are built, or the sites of those already existing in districts not abolished are not changed.

If it should appear, however, that the redistricting for school purposes or the abolishment of a school district was for the purpose of evading the provision of the act of 1893, in regard to changing sites of schoolhouses, the same would be invalid and of no effect. Maxwell on Construction of Statutes, pp. 133, 134; *State* v. *Forsythe*, 147 Ind. 466.

It does not appear that the redistricting in this case or the abolishment of district No. 10 was for such purpose.    Judgment affirmed.