## DAVIS v. MENDENHALL, TRUSTEE.

[No. 18,372.   Filed April 5, 1898.]

SCHOOLS AND SCHOOL DISTRICTS.—*Abandonment of School.*—*Removal of School Site.*—*Township Trustee.*—Section 5920a, Burns' R. S. 1894 (Acts 1893, p. 17), limiting the power of township trustees in the removal of school buildings, and changing the sites thereof, does not apply to the action of a township trustee in abandoning or discontinuing a school in a certain district in the township on account of the small attendance of pupils.

From the Howard Circuit Court.   *Affirmed.*

*Dallas S. Holman* and *Claybaugh & Claybaugh*, for appellant.

*John C. Farber*, for appellee.

JORDAN, J.—Appellant applied to the Clinton Circuit Court to secure a writ of injunction against the appellee, trustee of the Forest school township, in Clinton county, Indiana, to prevent him from abandoning and discontinuing a public school in district number three in that township, and from changing

the site of a schoolhouse wherein the school had been previously conducted.

The complaint, among other things, alleged substantially that the plaintiff was a resident of said school district number three, and the father of eight children, all of whom were members of his family, and between the ages of six and twenty-one years, and entitled to the privilege of the public schools of that district; that a public school, for over twenty years, had been conducted in a schoolhouse situated in the said district, which schoolhouse was amply provided and furnished for school purposes; that the defendant was threatening and endeavoring to change the present site of the school to the unincorporated town of Forest, situated in another and different district in the township, and was about to abandon, abolish, and discontinue in the future a public school in said district number three, and would thereby deprive the plaintiff, and others of said district of school privileges at said site, which they had previously enjoyed for a period of over twenty years. All of which, it is averred, the defendant is endeavoring to carry into effect against the wishes of the school patrons of the district, and in utter disregard of the law, etc.

A demurrer to the complaint was overruled. On motion the case was venued to the Howard Circuit Court, wherein appellee filed an answer in two paragraphs, the first, a general denial. The second paragraph was verified by the oath of the appellee, and the material facts therein averred may be summarized as follows: The town of Forest is unincorporated, and is situated about midway north and south, in said Forest township, and is located in school district number one. The defendant had established a graded school in the town of Forest, by building a large and commodious schoolhouse, containing four large

Davis v. Mendenhall, Trustee.

rooms, which were graded for school purposes, and would conveniently accommodate one hundred and seventy-five pupils. The average daily attendance in said school district number one at the graded school in the town of Forest for the year prior to the beginning of this action was one hundred and twenty-four, and this school is amply equipped for educational purposes, and is taught by competent teachers, and is conveniently located for the attendance of pupils in all directions therefrom. North of a line drawn east and west through the township of Forest there are eleven and one-half sections of land, and only two school districts therein, number eight and number ten. Number eight is located three miles north, and number ten three miles northwest, from the town of Forest. District number eight has a daily attendance of thirty-eight pupils, and number ten an average attendance of thirty-three. Some of the pupils attending in said district live more than two miles from the schoolhouses therein. South of said line above mentioned, there are fifteen sections of land and six school districts, namely, the second, third, fourth, fifth, sixth, and seventh, each with a schoolhouse therein; besides the school district number one with the schoolhouse in the town of Forest. The schoolhouse in district number two is located two miles south and a quarter of a mile west of said graded school, and the schoolhouse in district number four is located three and three-quarters miles southeast of said graded schoolhouse. The schoolhouse in district number five is located one mile and three-quarters east from said graded schoolhouse, and the said schoolhouse referred to in plaintiff's complaint, situated in school district number three, is located only a mile and a quarter south from said graded school, and is nearer to the town of Forest than is any other schoolhouse in said

Davis v. Mendenhall, Trustee.

township. School number two had a daily average attendance of fourteen, number four a daily average attendance of thirteen, number five a daily average attendance of thirty-three and schoolhouse number three, in controversy, a daily average attendance of only sixteen pupils during the past year. Schools number two, three, and four combined had a daily average attendance of only forty-three pupils during the past year. The children who have hitherto attended school in district number three can conveniently attend school at the town of Forest, or can attend the schools in other districts adjacent to district number three, without being required to travel a greater distance than many of the other children in said township are required to go to reach their respective schools. There are more schools in Forest township south of the town of Forest than are necessary to accommodate the children in that part of the township, and the schools in the township are "inequitably" distributed. By the abandonment of the school in district number three no child will be situated an unreasonable distance from school. On account of the large number of schools in said township, it is averred that the school term in each year is shortened, and the children of the township are deprived of the benefits of a reasonable term of school. The defendant, as trustee of said township, believing it to be for the best interests of the schools thereof, to abandon the holding of school in district number three, and desiring to do what he believed would be for the interest and benefit of all the children in the township of school age, and the exercise of the authority and discretion vested in him by law, did, prior to the beginning of this action, by an order, duly entered of record, abandon school district number three, and directed that the pupils thereof heretofore enumer-

Davis v. Mendenhall, Trustee.

ated and allotted to said school district number three be allowed to attend any of the other schools in Forest township which their respective parents or guardians might select.   A portion of the former patrons of said school district number three elected to be enumerated in other districts.   Defendant notified the plaintiff, and others having children entitled to attend school in district number three, of his action in abolishing and discontinuing the said school therein, and offered to make the proper transfer to any of the other schools of the township as they might designate, without any expense to them.   Plaintiff refused to designate any school other than the one in district number three for his children to attend.   All the schools of districts two, four, and five, in said township, and south of said line above mentioned, are good schools, and are taught by competent teachers and afford good and sufficient school accommodations for all the pupils heretofore attending in school district number three, and the schoolhouses therein, and also in districts number one, two, four, and five were so located as to be convenient to children residing in school district number three.   It is further alleged that it is not just to the taxpayers and school patrons. of Forest township to maintain ten schools south of. the line heretofore mentioned, and only two schools north of said line, and the expense of maintaining and teaching the school in said district number three, if applied and apportioned among the other schools in said township, will enable the defendant to maintain all of the schools in the township for a longer period.   He has made ample preparation to accommodate all the school children of district number three at said graded school in the town of Forest, and at schools number two, four, and five, and the attend-

ance of children of district number three upon either or any of said schools will not seriously inconvenience any of them. In discontinuing the school in district number three, of which the plaintiff complains, it is alleged that he acted in good faith, and was induced to do so by the belief and conviction that it was to the best interest of said township; that said decision or action was so rendered or taken by the defendant as school trustee of said township, and the record made to that effect, and notice thereof given by the defendant to the plaintiff and all other persons having children of school age in said district, before the filing of the complaint in this case, and said order so made by him has not been appealed from or revoked, but is still in full force and effect. The defendant did not, and does not now, and never has contemplated or ordered the removal of the schoolhouse in said district to any other site, and has never threatened and does not intend to move said school building from its present site in said school district. A demurrer to this second paragraph of answer was overruled, and appellant refusing to further plead in the action, the court dissolved the temporary restraining order previously issued, and rendered judgment in favor of the appellee for costs, and these rulings of the court are assigned as error.

Counsel for appellant in their brief say that the only question involved in this cause is the right of the appellee, as trustee of the township in his discretion, "to abandon or dissolve a school or remove a school site" since the passage of the act of 1893 entitled an act "to limit the power of township trustees in the removal of school buildings and changing the site of said buildings," etc. Acts 1893, p. 17, section 5920a, Burns' R. S. 1894.

It is insisted that under the provisions of this stat-

ute all discretionary power lodged in the township trustees by former laws in respect to the abandonment or discontinuance of a public school or the removal or change of school buildings or school sites has been abrogated, and, it is claimed that this, in effect, is the holding in *Kessler, Tr.*, v. *State, ex rel.*, 146 Ind. 221. The facts disclosed by the second paragraph of answer show that what appellee was about to do, or rather, had done, did not consist in changing the site of the schoolhouse in district number three, nor in removing the schoolhouse thereon to a new location, but that he had simply decided (which decision had been entered of record) to abandon or discontinue for the time being, at least, the school in the district in controversy because of the small attendance of pupils at said school, who, as it seems, could be accommodated equally as well or better at other schools of convenient access.    It appears from the averments of the answer that appellee's action in the premises would conduce to economy, and to the interest of the school affairs of his township.    It is further shown that he notified appellant and other school patrons of district number three of his decision in the matter before the commencement of this action, which was instituted on April 28, 1897, and offered to give them the advantages and privileges of any of the other schools conveniently near that they or appellant might select; but it seems that the latter declined the offer, but insisted on sending his children to the school previously mentioned in district number three. The facts set up in the answer disclose that appellee as the trustee of the township had, under the circumstances, in good faith, within the scope of his authority, exercised a discretionary power with which he was invested under the law as it existed at least prior to the passage of the act of 1893, consequently he was

not subject to judicial control in the exercise of such discretion. *Tufts, Tr.,* v. *State, ex rel.,* 119 Ind. 232, and cases there cited.

The facts show that there was no attempt on the part of the appellee to change the present site of the schoolhouse in the district in question, nor to remove said building to some other point, consequently his acts in the matter were not in violation of the provisions of the law of 1893, section 5920a, *supra,* but were controlled by the law as it existed prior to the enactment of that statute. *State, ex rel.,* v. *Wilson, Tr.,* 149 Ind. 253. In this case the act of 1893 was construed, and we held, in effect, that it did not interfere with the power of a township trustee, in good faith to abolish a school district, or to discontinue a school therein. This court, in speaking in respect to that act, said: "It is clear from an examination of the provisions of the act cited, that it only applied when it is proposed to change the site of a schoolhouse from one point to another in the same school district. In such case the change of site can only be made by petition to the county superintendent, as provided in said act. *Kessler, Tr.,* v. *State, ex rel.,* 146 Ind. 221. Said act in no way changes the power of the township trustee, as it existed before the passage of said act, to redistrict his township for school purposes, and to abolish school districts, when no new schoolhouses are built, or the sites of those already existing in districts not abolished, are not changed. If it should appear, however, that the redistricting for school purposes or the abolishment of a school district was for the purpose of evading the provisions of the act of 1893, in regard to changing sites of schoolhouses, the same would be invalid and of no effect."

This decision, under the facts as set up in the answer on which the judgment in the case at bar rests,

is controlling upon the question herein presented, and the answer must be held sufficient as a defense to the action. The verified answer of appellee being sufficient, there was no error in overruling the demurrer; and, on appellee's refusal to further plead in the cause, the action of the lower court in dissolving the restraining order, and in rendering the judgment in favor of the appellee was proper, and its judgment is therefore affirmed.