STATE, EX REL. BEREE, *v.* SEELY, TRUSTEE.

[No. 20,178. Filed April 20, 1904. Rehearing denied June 30, 1904.]

MANDAMUS.—*Establishment of Schools.*—A school trustee can not be compelled by mandamus to open and maintain a school where it is shown that all of the children of such district can be accommodated at another school, and that all of such children who live more than two miles away are furnished transportation to and from such house, and that the average attendance at such school sought to be established was only eleven pupils, even though it is shown that two-thirds of the voters

entitled to vote for township trustee have presented such trustee a petition to reëstablish such school. Acts 1901, p. 159, §5920f Burns 1901, and Acts 1901, p. 437, §5920g Burns 1901.   *pp. 245–247.*

SCHOOLS.—*Officers.—Discretion of Township Trustee.*—Where a township trustee in case of expediency decides upon a matter in good faith, and within the range of his discretion, his decision can not be revised by the courts, and the courts will not, in the absence of proof, presume that such officer has fraudulently attempted to evade the law.  *p. 247.*

From DeKalb Circuit Court; *Frank M. Powers*, Special Judge.

Action by the State on the relation of Adron Beree, against William Seely as trustee, for a writ of mandate compelling him to reëstablish a school. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*P. V. Hoffman* and *E. B. Dunten*, for appellant.
*J. W. Baxter, R. W. McBride, C. S. Denny* and *G. L. Denny*, for appellee.

GILLETT, C. J.—Relator instituted this proceeding to require appellee by mandate to reëstablish a certain school in Newville township, DeKalb county. Upon request the lower court filed special findings of fact, together with the conclusions of law thereon. Such conclusions were adverse to appellant, and a judgment was entered pursuant thereto.

The special findings, so far as it is necessary to state their substance here, show the following facts: Appellee, as trustee of said school township, closed said school, and transferred the pupils thereof to another school in said township, in April, 1902. The schoolhouse which was closed was a good brick building, suitably equipped for conducting a common school. The schoolhouse to which said pupils were transferred was a comfortable and commodious school building in which two teachers were employed, and with the usual facilities for conducting a district school. Previous to the closing of said former school, a number of the pupils thereof had been transferred by appellee to said latter school at the request of said pupils and of their parents, in order, as they claimed, to secure better advan-

tages for study and instruction. At the time of closing the school in question the average daily attendance upon said school, as shown by the report of the teacher thereof, was only eleven pupils, and there were not sufficient funds available to maintain all of the schools of the township for the full school year. For these reasons appellee closed said school. At that time there were resident in said district twenty-two children of school age, fourteen of whom were between eight and fourteen years of age, and required by law to attend school unless excused by sickness, and eight of whom were between the ages of fourteen and twenty-one, and entitled to attend school. Two pupils residing in said district, and within a short distance of said schoolhouse, had been permitted by appellee to attend said other school, although it was a mile and one-half distant. The deficiency in the revenue for tuition was due to the failure of appellee and his predecessor to make a sufficient levy for tuition purposes. A levy of the maximum tuition tax authorized by law would have produced a tuition fund adequate for the maintenance of all the schools in said township for the full term of six months. All of the relators reside in said school district, and more than two miles from the schoolhouse in said other district. Their children, ten in number, are all of school age. After the closing of said school appellee furnished a conveyance to and from said other school to such pupils resident in said district as lived more than two miles from the school to which they had been transferred. All the other pupils of said district, except said children of relators, live within two miles of said other school, which is accessible to them by good public roads. Prior to the institution of this proceeding, more than two-thirds of the voters in said school district entitled to vote for township trustee in said township presented to appellee a petition requesting him to reëstablish said school, which request he refused to grant.

In the administration of the affairs of the common

schools many questions of expediency arise. In a matter of this kind, a school officer who, in good faith, acts within the range of his discretion is not liable to have his judgment revised by the courts. *Braden* v. *McNutt* (1887), 114 Ind. 214; *Tufts* v. *State, ex rel.* (1889), 119 Ind. 232; *Crist* v. *Brownville Tp.* (1858), 10 Ind. 461. Prior to the act of March 7, 1901 (Acts 1901, p. 159, §5920f Burns 1901), it was for the township trustee to determine, subject to the right of appeal to the county superintendent, what schools should be maintained in his township. *State, ex rel.*, v. *Wilson* (1898), 149 Ind. 253; *Davis* v. *Mendenhall* (1897), 150 Ind. 205.

The case before us does not present a state of circumstances which warrants us in interfering. We can not presume, in the absence of a showing to that effect, that appellee has been guilty of a fraudulent attempt to evade the limitation put upon his authority by the act of 1901. The law makes no provision for the reëstablishing of a school upon petition where the trustee is authorized to close the school without the consent of the voters.

Judgment affirmed.