STATE, EX REL. RIGNIER ET AL., v. BLACK, TRUSTEE.

[No. 20,682. Filed February 15, 1906.]

1. MANDAMUS. — *Schools.* — *Establishment.* — *Trustees.*—*Discretion.*—Patrons can not by mandamus compel a township trustee, who in good faith decides not to establish a certain proposed school, to establish such school, his discretion, exercised in good faith, not being subject to review by the courts.  p. 139.

2. SCHOOLS.—*Abandonment.*—*Establisment.*—*Power of Trustee.*—Though §§5920c-5920e Burns 1901, Acts 1893, p. 17, and §§5920f, 5920g Burns 1901, Acts 1901, p. 159, and Acts 1901, p. 437, limit the power of township trustees to remove or abandon district schools, they may, under §5920 Burns 1901, §4444 R. S. 1881, establish schools and build schoolhouses therefor.  p. 140.

3. SCHOOLS.—*Establishment.—Refusal.—Appeal.*—Where patrons desire the establishment of a proposed school, and the trustee decides against the same, their remedy is by appeal to the county superintendent under §6028 Burns 1901, §4537 R. S. 1881. p. 140.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the State of Indiana, on the relation of Frank Rignier and others, against Charles E. Black, as trustee of Eagle Creek School Township. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Bruce & Bruce,* for appellant.

*Thad. S. Fancher* and *Frank B. Pattee,* for appellee.

MONKS, J.—This action was brought by the relators to compel, by writ of mandamus, the trustee of Eagle creek school township to establish a new school and erect, or otherwise provide, a schoolhouse for the same. A trial of said cause resulted in a special finding of facts and a conclusion of law thereon in favor of appellee, and judgment was rendered in favor of appellee.

It appears from the special findings that on March 3, 1904, a petition signed by four resident voters of said school township requesting the establishment of a new 1. school and the erection of a new schoolhouse therefor was presented to the trustee of said Eagle creek school township. Thereafter the advisory board of said township authorized the trustee of said township to borrow not to exceed $600 to build said schoolhouse. After said action of the advisory board the trustee of said township refused to establish said new school or build said schoolhouse. Without appealing from this decision of the township trustee, the relators brought this action.

Under §6028 Burns 1901, §4537 R. S. 1881 and Horner 1901, the trustees of school townships have the power to establish new schools and locate and build new schoolhouses therefor when in their judgment the public interest requires it, subject to the right of appeal to the county superin-

tendent. Such discretion, if exercised in good faith, can not be reviewed by the courts. *Crist* v. *Brownsville Tp.* (1858), 10 Ind. 461; *Trager* v. *State, ex rel.* (1863), 21 Ind. 317; *Koontz* v. *State, ex rel.* (1873), 44 Ind. 323; *Braden* v. *McNutt* (1888), 114 Ind. 214; *Knight* v. *Woods* (1891), 129 Ind. 101; *Henricks* v. *State, ex rel.* (1898), 151 Ind. 454; *State, ex rel.,* v. *Seely* (1904), 163 Ind. 244, 246, 247, and cases cited.

Although the legislature has by the act of February 7, 1893 (Acts 1893, p. 17, §§5920c-5920e Burns 1901), and the acts of March 7 and 11, 1901 (Acts 1901, p. 159,

2. Acts 1901, p. 437, §§5920f, 5920g Burns 1901), limited this power of trustees in regard to the removal of schoolhouses, and the abandonment of "district schools" (*Carnahan* v. *State, ex rel.* [1900], 155 Ind. 156; *Ireland* v. *State, ex rel.* [1905], 165 Ind. 377), no change has been made in the law which authorizes the trustee to establish schools and build schoolhouses therefor. §5920 Burns 1901, and §5920 Burns 1894, §4444 R. S. 1881.

It is evident that the remedy of the relators was 3. by appeal from the decision of the trustee to the county superintendent under §6028, *supra.*

Judgment affirmed.

Gillett, C. J., took no part in the decision of this cause.