BRANDT, TRUSTEE, ET AL. v. STATE, EX REL. CONRAD.

[No. 21,208. Filed November 24, 1908.]

1. SCHOOLS. — Relocation. — Procedure.—Statutes.—Sections 6590, 6591 Burns 1908, §§4499, 4500 R. S. 1881, so far as they prescribe a method for the relocation of a site for a schoolhouse, were repealed by §§6417-6419 Burns 1908, Acts 1893, p. 17, §§1-3, providing a different method. p. 291.

2. SCHOOLS.—*Relocation.*—*Requisites.*—Under §§6417-6419 Burns 1908, Acts 1893, ·p. 17, §§1-3, the relocation of a schoolhouse requires a majority petition of the patrons, the trustee's signature thereto and the county superintendent's decision in favor thereof, a failure of any one of which being fatal. p. 293.

3. MANDAMUS.—*Township Trustee.*—*Township Advisory Board.*— The township trustee and township advisory board cannot be compelled by mandate to appropriate money for, and erect, a school building at a point where no school site has been legally established. p. 294.

From Newton Circuit Court; *C. W. Hanley*, Judge.

Action by The State of Indiana, on the relation of Platt M. Conrad, against Christian L. Brandt, as Trustee of Lake School Township of Newton County, and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Herman C. Rogers* and.*Dallas C. Rogers*, for appellant.
*T. B. Cunningham*, for appellees.

MONTGOMERY, J.—The court below issued an alternative writ of mandate upon the application of the relator. The writ· recited the following facts, in substance: The relator is a voter and taxpayer of school district number five in Lake township of Newton county. At the last enumeration there were eighteen children of school age in said district. Appellants are the duly elected, qualified and acting trustee and members of the advisory board of said township. On and prior to October 16, 1905, the school for said district was located and conducted at a particularly-described place in section twenty-seven, township thirty-one north, range nine west, which tract is still owned by said township. Prior to said date, by proper legal proceedings, said schoolhouse was ordered removed and located upon a different site. On November 24, 1906, a petition, signed by legal voters of said district, was filed with appellant Brandt as trustee, praying for the erection of a new schoolhouse, at a cost not to exceed $800, upon the old schoolhouse site in section twenty-seven. This petition is fully set out, and purports to be verified

by an affidavit affirming that it was subscribed to by more than two-thirds of the voters of said district.

It is alleged that the prayer of the petition was denied by the trustee, and an appeal taken to the county superintendent, who, after hearing the matter, reversed the decision of the trustee, and ordered and directed him to grant the prayer of said petition, which order is in full force. A writ of mandamus was issued by the circuit court, requiring the trustee to call the township advisory board together in special session, to make the necessary appropriation for the building of said schoolhouse, and to submit to such board plans and specifications for such building. On June 29, 1907, in obedience to said writ, the trustee called the township advisory board together and submitted a requisition with plans and specifications for said schoolhouse, but at such session said board found that no emergency for the proposed work existed, and entered its finding upon the record. At the next regular session of said advisory board the trustee failed and neglected to submit his requisition for an appropriation of funds for the purpose of building said schoolhouse, and the advisory board failed and neglected to make any appropriation whatever for said purpose.

Upon these facts the writ commanded appellant Brandt, as trustee, to call the advisory board together, and to submit to them plans and specifications, and a requisition for funds, for the purpose of constructing a schoolhouse upon the described site in section twenty-seven, and for furniture and supplies necessary to maintain a public school therein. Said writ required the other appellants, as members of the township advisory board, upon notice, to meet in special session, and appropriate, and authorize the trustee to expend of the available funds, an amount necessary for the construction and maintenance of such building and schoolhouse, and, in case the funds on hand were insufficient, the trustee was to be empowered to borrow money for such purposes. The trustee and the advisory board were to receive bids, and

award and enter into a contract for the building of such schoolhouse, and to do all other things necessary for the construction of said school building and the maintenance of a school therein, or show cause why the same should not be done. Appellants demurred to the writ, on the ground of insufficient facts, but their demurrer was overruled. The issues were closed by the filing of a return and a reply thereto, and upon a trial by the court a finding was made in favor of the relator, and for the issuance of a peremptory writ.

The merits of the case are presented by the assignment, that the court erred in overruling appellants' demurrer to the alternative writ of mandate.

It is made to appear from the alternative writ in this case that the relator and other persons, basing their proceedings upon §§6590, 6591 Burns 1908, §§4499, 4500 R. S. 1881, petitioned appellant Brandt, as trustee, to erect a new schoolhouse at a designated site, two miles west of the one already established and in use for school purposes. It is manifest that the primary aim of the petitioners was to change the site of the existing school in district number five, and to relocate the same at the place named. The secondary object was the erection of a new building in lieu of the old one, which was deemed unsuitable and inadequate for their needs. The accomplishment of their objects would operate to discontinue the school at the place where it is now located. The procedure prescribed for the relocation of a school site is essentially different from that necessary to secure the erection of a new school building upon an existing site. Sections 6590, 6591, *supra*, so far as they relate to the removal of school buildings and the changing of school sites, were repealed by the act of February 7, 1893 (Acts 1893, p. 17, §§6417-6419 Burns 1908).

Under the former law the trustee was authorized to exercise his own discretion, regardless of petitions, with respect to the removal and relocation of schoolhouses, subject only

to the overruling judgment of the county superintendent upon appeal. §6590, *supra;  Christ* v. *Brownsville Tp.* (1858), 10 Ind. 461; *Trager* v. *State, ex rel.* (1863), 21 Ind. 317; *Braden* v. *McNutt* (1888), 114 Ind. 214; *Knight* v. *Woods* (1891), 129 Ind. 101; *Carnahan* v. *State, ex rel.* (1900), 155 Ind. 156. The act of 1893, *supra,* is entitled: "An act to limit the power of township trustees in removal of school buildings and changing the sites of such buildings, prescribing penalty for violations thereof and repealing conflicting laws." The body of the act reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, that whenever it becomes necessary for the trustee of any township in this State to change and reestablish the site of any school building and remove said building to a new site and location therefor, such trustee shall first present to the county superintendent of schools of the county in which township it is situated, a petition setting forth therein the place and particular point to where it is desired to change and relocate the site of any such building, and to remove the same thereto, together with a brief statement of the purposes and reasons for such proposed change of location of said school building, and upon such petition shall first procure an order from such county superintendent authorizing him to change the site and location of such school building and remove said building to its new site and location: Provided, that said petition shall be signed by said trustee and the majority of the patrons of the school where said building is located, and satisfactory proof shall be made to said county superintendent that the persons signing said petition constitute a majority of the patrons of said school.

"Section 2. Before such county superintendent shall grant such order, such trustee shall make and file with said superintendent his affidavit that he has caused notice to be given of such petition, the purposes thereof, the place of the change of location of such school building and the time when

the same will be presented to the said county superintendent by posting notices in not less than five public places in his township, three of which shall be in the immediate neighborhood from where such school building is to be removed, at least twenty days prior to the time when the same is to be heard by said county superintendent.

"Section 3. The trustee of any township in this State violating the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than $50 nor more than $500.

"Section 4. All laws and parts of laws in conflict with the provisions of this act, are hereby repealed."

This statute was construed in the case of *Carnahan* v. *State, ex rel., supra,* where this court said: "Under the act of 1893 the change of schoolhouse site can be effected only by the concurrent desires and action of three parties: (1) A majority of the patrons of the school, (2) the trustee of the school township, and (3) the county superintendent of schools. The wishes of the first two parties are to be expressed by signing and presenting a petition to the county superintendent, and of the third by an order for or against the change." It is apparent from the allegations of the alternative writ that the change of school site desired has not been procured in the manner prescribed, or in any other authorized way. The judgment and desire of the township trustee is a prerequisite in securing the relocation of a schoolhouse. His desire must concur with that of a majority of the school patrons, and be evidenced by his signature to a joint petition with them for such change. The county superintendent has no jurisdiction to act in the matter of relocating a schoolhouse until such petition is filed with him, and until twenty days' notice thereof and of the time of hearing the same shall have been given. His jurisdiction over such cases is original and not appellate. The action of the trustee with reference to that of the school patrons must be voluntary and concurrent, and not coerced

and contrary. Conceding that a majority of the patrons of the school in question desired to change the location of their schoolhouse and duly subscribed the petition therefor, yet the trustee did not sign said petition at any time, but has always been opposed to the proposed change. The matter was not taken before the county superintendent upon a proper petition and notice, but by an attempted appeal from the adverse decision of the trustee. The order of the superintendent made in such a proceeding could have no effect in changing the proper location of the schoolhouse of the district. If the building of a new house upon the existing site were the object sought, the procedure by petition to the trustee and appeal from him to the county superintendent would have been proper, but that was not the purpose and desire of the petitioners. It follows that the existing schoolhouse stands upon the only authorized school site in the district, and that the township trustee and the advisory board cannot be compelled to construct a new school building at a different location. *Henricks* v. *State, ex rel.* (1898), 151 Ind. 454; *Kessler* v. *State, ex rel.* (1896), 146 Ind. 221; *Koontz* v. *State, ex rel.* (1873), 44 Ind. 323.

The judgment is reversed, with directions to sustain appellants' demurrer to the alternative writ of mandate.