## GLENDENNING ET AL. v. COWAN, TRUSTEE.

### [No. 9,254. Filed October 13, 1915.]

1. APPEAL.—*Assignment of Errors.—Questions Presented.—Scope of Review.*—In a suit for injunction, where a demurrer was sustained to the complaint, the temporary restraining order dissolved, and judgment rendered for defendant on plaintiff's refusal to plead further, no question is presented by an assignment of error on appeal that "the court erred in rendering judgment against the appellants in favor of appellee", and since, on plaintiff's refusal to plead further, the dissolution of the restraining order and judgment for appellee followed as a matter of course, questions attempted to be raised by the quoted assignment, as well as by alleged error in dissolving the restraining order, are determined by a disposition of the assignment of error in sustaining the demurrer.  p. 532.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of High School.—Statutes.—Complaint to Enjoin Trustee.*—Under §§6584b, 6584c Burns 1914, Acts 1913 p. 331, relating to the erection of township high schools where for two years last past there were eight or more graduates of the elementary grades, the trustee may establish a high school if the township has no township, city or town high school, and the tax valuation is $600,000 or more; and he must establish such school under such conditions if petitioned to do so by a majority of the patrons, or, in the absence of such petition, if there is also no high school within three miles of any boundary of the township; hence, a complaint to enjoin the trustee of a township from constructing a high school building under such statute was insufficient in the absence of any averment to show that there was already an established high school in the township.  p. 532.

3. PLEADING.—*Complaint.—Theory.—Sufficiency.*—A complaint must be good on the theory on which it proceeds, or it will not be good at all, even though it states facts sufficient to be good on some other theory.  p. 535.

VOL. 59—34

4. SCHOOLS AND SCHOOL DISTRICTS.—*School Buildings.—Duty of Township Trustee.—Remedy of Patrons.*—A suit to enjoin the erection of a school building on an existing site will not lie against the township trustee, since, under §6410 Burns 1914, Acts 1901 p. 514, it is the duty of such officer to provide necessary school buildings, and the only remedy of one opposed to the erection of a building under such circumstances is by appeal to the county superintendent. p. 535.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of High School Building.—Complaint to Enjoin Trustee.—Averments as to Indebtedness.*—In a suit to enjoin a township trustee from erecting a township high school building under §§6584b, 6584c Burns 1914, Acts 1913 p. 331, the averment of the complaint, "that if said defendant is permitted to construct said school building the cost thereof will far exceed the indebtedness allowed by law," was merely a conclusion of the pleader, and not equivalent to an averment of facts showing that the township by building such building would incur an indebtedness in excess of that permitted by the Constitution. p. 536.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by William W. Glendenning and others against John W. Cowan, Trustee of Hartford School Township, in Adams County. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Peterson & Moran,* for appellants.
*Clark J. Lutz,* for appellee.

HOTTEL, J.—The appellants filed in the Adams Circuit Court a complaint in one paragraph in which they sought to enjoin appellee from letting a contract for the construction of a school building and abandoning school district No. 3 in Hartford Township, said county, and from paying out any money of the township for plans and specifications for the building. On the filing of the complaint a temporary restraining order was issued.

To the complaint appellee filed a demurrer based on all the grounds therefor enumerated by §344 Burns 1914, Acts 1911 p. 415, except ground number three. The ground of the demurrer which challenged the complaint as not containing facts sufficient was accompanied by a memorandum

containing the following objections thereto: (1) Each and every act complained of is an act of discretion from which the law provides a plain and adequate legal remedy by appeal by plaintiffs to the county superintendent. (2) Said complaint does not aver that an appeal has been taken or prayed for from the action of the defendant as such school trustee to the county superintendent. (3) Said complaint is insufficient because it does not aver what the indebtedness of Hartford School Township is, or what the assessed valuation of taxable property is or what amounts of funds are now on hand available for the payments of the cost of construction of the school building mentioned in the complaint. (4) Said complaint does not state facts as to what amount of indebtedness might be incurred by the defendant as such school trustee without exceeding the constitutional limit. (5) That each and every allegation of the complaint is a statement of a conclusion and not the statement of a fact. (6) Said complaint is not properly verified, there being no statement that the person making the affidavit is a party plaintiff or that he has authority to make such affidavit. (7) The complaint does not aver that plaintiffs can not obtain full and adequate relief by an action at law or by appeal. (8) That said complaint does not aver that the plaintiffs or either of them will suffer great or irreparable injury or any fact from which such fact might or could be presumed. (9) Said complaint does not aver or state which if any of the plaintiffs will be especially injured by the acts complained of. (10) Said complaint does not aver that the plaintiffs or either of them will be especially injured by the acts of the defendant complained of but on the contrary said complaint proceeds upon the theory of enjoining the invasion of a public right without any special injury to the plaintiffs or either of them.

This demurrer was sustained. Appellants refused to plead further and judgment was rendered against them for costs, and the temporary restraining order before issued

by the court was dissolved. To such ruling and judgment appellants excepted and prayed an appeal and assign in this court errors on which they rely for reversal as follows: (1) The court erred in sustaining the demurrer of the appellee to the complaint of the appellants. (2) The court erred in rendering judgment against the appellants in favor of appellee. (3) The court erred in dissolving the restraining order issued against the appellee. Under repeated decisions of this and the Supreme Court, the second assigned error presents no question. *Finch* v. *Travelers Ins. Co.* (1882), 87 Ind. 302, 304; *Indiana Bond Co.* v. *Shearer* (1900), 24 Ind. App. 622, 57 N. E. 276; *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97.

If the demurrer to the complaint was properly sustained, upon appellee's refusing to plead further, the dissolution of the restraining order before issued, and judgment in appellee's favor would necessarily follow, so that in any event a disposition of the first assigned error disposes of the last two.

In our disposition of such error we deem it unnecessary to set out the complant or discuss the various grounds of demurrer thereto. It is sufficient, we think, to say that the averments of the complaint disclose and appellants in their brief state in effect that their action is under Acts 1913 p. 331, §§6584a, 6584b, 6584c Burns 1914, and that their complaint proceeds on the theory that appellee, in attempting to let the contract for the school building mentioned in such complaint, was acting in violation of such act. In support of this contention it is insisted by appellants that the complaint alleges that the appellee trustee is about to let the contract for the erection of said school building without being petitioned so to do, as required by §1 of said act; that two-thirds of the parents, guardians, heads of families and persons having charge of children who were enumerated for school purposes in such town-

ship at the last preceding enumeration had filed a remonstrance with such trustee against the construction of said school building; that there are now, and have been for a number of years last past, two high schools, one at the town of Berne and one at the town of Geneva, Indiana, both of which high schools are within three miles of the boundary line of said township of Hartford.

It is argued that these averments show that such trustee in attempting to let said contract was violating the act in question because it is only in cases where there is no high school within three miles of the boundary line of the township that a trustee thereof, under said act, may, without petition, establish and maintain such high school. The act of 1913 (Acts 1913 p. 331, *supra*) provides as follows: "That in each township of this State having an assessed valuation of more than six hundred thousand dollars * * * of taxable property and wherein there is not now established a high school, and wherein there is not situate a city or town maintaining a high school, and wherein for each of the two years last past there have been eight or more graduates of the township elementary schools, residing in such township, the township trustee may establish and maintain therein, a high school or a joint high school and elementary school, and employ competent teachers therefor; whenever a majority of parents, guardians, heads of families, or persons, having charge of children, who were enumerated for school purposes in said township, at the last preceding enumeration, petition the trustee of said township to establish and maintain a high school or joint high school and elementary school, said trustee shall establish and maintain such a school petitioned for. Sec. 2. That in each township in this state having an assessed valuation of more than six hundred thousand dollars * * * of taxable property and wherein there is not now established a high school in such township or in any town within such township and where there is no high school

within three miles of any boundary line of such township, and wherein for each of the two years last past there have been eight or more graduates of the township elementary schools, residing in such township, the township trustee shall establish and maintain therein a high school and employ competent teachers therefor. Sec. 3. The location of such school shall be determined by the township trustee; *Provided,* That upon the petition of ten parents, guardians, heads of families, or persons, having charge of children who are graduates of the elementary schools and who were enumerated for school purposes at the last preceding enumeration, for another location other than the one determined upon by said township trustee, the matter shall be appealed to the county superintendent of schools, who shall determine upon the location of said building and his decision shall be final, and said township trustee shall proceed in the execution of the provisions of this act."

It seems that under this act there are three conditions under which a high school is authorized, two under the first section and one under the second section, viz., (1) under the first section where a township has a valuation of over $600,000 *with no established high school therein* and no city or town therein maintaining a high school, and if for two years last past there were eight or more graduates of the elementary grades in said township in such case the trustee *may* establish a high school in such township; or (2) where all said enumerated conditions exist and a majority of the parents, etc., petition the trustee of such township to establish such a high school such trustee *must* establish such school; (3) under the second section of the act, if the first two above enumerated conditions exist, and if there be no high school within three miles of any boundary of said township, and if there were eight graduates in elementary schools then the township trustee *must* establish such high school.

It will be observed that, under such act, the establishment

of such a school, in each instance, is conditioned on there being *no established high school in the township*. In other words, the act in question has no application to a township in which there is already an established high school. There is no averment in appellants' complaint that the township in question did not have such a school. Indeed, it is claimed by appellee, and so far as appears from the complaint the claim may be true, that a high school was already established and being maintained in Hartford Township and that appellee was only proceeding to build a school-house on the present site and location of such high school. In such case the act, *supra,* would have no application. It appears therefore that if appellants' said theory of the complaint be adopted, it was fatally defective because of the absence of said averment.

A pleading must be good on the theory on which it proceeds or it will not be good at all, even though it states facts sufficient to be good on some other theory. *Carmel*
3. *Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 47 N. E. 11, 50 N. E. 476; *Copeland* v. *Summers* (1894), 138 Ind. 219, 226, 35 N. E. 514, 37 N. E. 971; *Platter* v. *City of Seymour* (1882), 86 Ind. 323. We might add that we do not think the complaint in this case sufficient
4. under any theory. It is one of the duties of a township trustee, made so by legislative enactment, to provide necessary school buildings, and if the building in question was to have been erected on an existing site appellants' remedy would have been by a petition to trustee and an appeal to the county superintendent. §6410 Burns 1914, Acts 1901 p. 514; *State, ex rel.* v. *Black* (1906), 166 Ind. 138, 76 N. E. 882, and cases cited; *State, ex rel.* v. *Howard* (1910), 174 Ind. 358, 92 N. E. 115; *Advisory Board* v. *State, ex rel.* (1905), 164 Ind. 295, 299-301, 73 N. E. 700; *Brandt* v. *State, ex rel.* (1908), 171 Ind. 288, 294, 86 N. E. 337.

The averments on the subject of abandonment of the school in district No. 3 are clearly insufficient under the

Glendenning v. Cowan—59 Ind. App. 529.

holding in the case of *Ireland* v. *State, ex rel.* (1905),
5. 165 Ind. 377, 379, 380, 75 N. E. 872. The complaint
contains the further averment, ''That if said defend-
ant is permitted to construct said school building the cost
thereof will far exceed the indebtedness allowed by. law to
be created against the school township aforesaid.'' Such
averment is merely the conclusion of the pleader, and even
if proper under the act of 1913 (Acts 1913 p. 850,. §343a
Burns 1914), is not the equivalent of an averment that such
school township by building such school building would. be
required to incur an indebtedness in excess of that permitted
by the Constitution. · *Foland* v. *Town of Frankton* (1895),
142 Ind. 546, 549, 41 N. E. 1031. There is no averment as
to the assessed value of the taxable property in said town-
ship, the amount of the indebtedness of such township or
the amount of funds on hand available for the payment
of the construction of said building, and no facts are stated,
or averments made even by way of conclusion, from which
the court could know or say as a matter of law that the
indebtedness attempted to be incurred by the township in
the letting of the contract for such building would exceed
that permitted by law.

The complaint was insufficient and the demurrer thereto
was properly sustained. Judgment affirmed. Moran, J.,
not participating.

NOTE:—Reported in 109 N. E. 844. See, also, under (1) 3 C. J.
1385; 2 Cyc. 997; (2) 35 Cyc. 927; (3) 31 Cyc. 116; (4) 35 Cyc.
935; (5) 22 Cyc. 925.