STATE EX REL. JAY, RESPONDENT, v. MARSHALL ET AL., APPELLANTS.

[Argued February 9, 1893. Decided March 27, 1893.]

SCHOOLS—*Authority of trustees to remove.*—The term "schoolhouse," as used in section 1885, fifth division of the Compiled Statutes, empowering school trustees to remove schoolhouses when the trustees may be directed by a vote of the district so to do, does not mean simply the house, but refers rather to the school plant, including the general equipment, pupils and teacher, and therefore a board of trustees has no authority to remove the school properties and equipment from the established schoolhouse to a house in another part of the district without being directed so to do by a vote of the district.

SAME—*Mandamus to compel trustees to restore school to regular schoolhouse.*—An application for a writ of *mandamus* to compel a board of school trustees to restore a school to the old schoolhouse, from which such board had removed it without authority, should have been denied where it appeared that after the relator had demurred to the appellants' answer the court continued the hearing, and ordered a school election to determine the question whether the action of the board in removing the school should be ratified, which resulted in the approval of the action of the board, which facts were presented to the court in a supplemental answer, although the court may not have had authority to order the election.

*Appeal from Fifth Judicial District, Madison County.*

Application for *mandamus* to compel school trustees to restore a school to the regular schoolhouse. Writ was granted by GALBRAITH, J. Reversed.

Statement of facts prepared by the judge delivering the opinion.

This is an appeal from the judgment of the district court in a special proceeding, in which the relief granted was a peremptory writ of *mandamus*. The defendants are trustees of school district No. 23 of Madison county, Montana. The relator is a resident and taxpayer of said school district. In his application for the writ, he sets up that there is a regularly built and established schoolhouse, and that the trustees unlawfully moved the school properties and equipment to a house in another and remote part of the district, and ordered the teacher to go to said place and hold the school; that they are maintaining, and will continue to maintain, the school at said other place. The relator asks for the writ of *mandamus* to require the trustees to restore the school to the old schoolhouse. The answer of respondents is a very voluminous document, and sets up in great detail the alleged worthless and dangerous character of the old schoolhouse, and the inconvenience of its location for the people of the district. It admits the moving of the school to the new place, and describes the convenience and suitability of the new schoolhouse and site. It alleges that for three years prior to the application for the writ of *mandamus* the school had been maintained at the new place, and so maintained with the acquiescence of the people of the district. The answer admits that the new schoolhouse has been erected and used for a school without there being submitted to the qualified electors of the district the question of the removal of the school. The section of the statute requiring such submission is as follows: "Every board of trustees . . . . shall have power, and it shall be their duty, : . . . Sixth. To build or remove schoolhouses, and purchase or sell school lots, when the trustees may be directed by a vote of the district so to do." (Comp. Stats., div. 5, § 1885.) The relator demurred to the answer, in that it did not constitute a defense; that is to say, that it did not show a reason why the *mandamus* should not be issued. The point of the demurrer was that the moving of the school by the trustees was without authority, because they had not submitted the question

to the electors, as provided in section 1885, subdivision 6, of the fifth division of the Compiled Statutes, and that as the trustees did not show by their answer that they had the vote of the district upon the question, they therefore did not show any reason why they should not be required by *mandamus* to restore the school to the old site and house theretofore established. Upon the hearing of the demurrer, on May 28th, in the district court, the judge said that he was inclined to believe that the demurrer must be sustained, but that he would not so decide at the present time. He then continued the hearing until July 25th, and he made an order that an election should be held on the fifteenth day of July; that the election be by ballot; that notices be posted, and that it be held under the school law providing for elections. The order of the court was that the question to be voted upon at said election should be:

"Shall the action of the board of trustees of district No. 23 in said county of Madison, in building a new schoolhouse and removing the school furniture and appliances thereto, be approved and ratified? And at such election the ballot used shall contain the words, to wit:

" 'Approval and ratification: Yes'; or,

" 'Approval and ratification: No.' "

Thereafter, on the twenty-fifth day of June, the trustees duly posted notices of election. In pursuance to said notice said election was held. The trustees returned their proceedings into court, and filed an amended and supplemental answer, setting up the holding of the election and the result thereof. The election showed a majority of the votes in favor of the ratification of the act of the trustees. The relator demurred to the amended and supplemental answer, and moved to strike out therefrom the matter in regard to the election and election returns. The motion to strike out and the demurrer were sustained. The judge of the court filed a short opinion in sustaining the demurrer and motion. The ground of his action was apparently that, notwithstanding the election which had been held, such election constituted no defense to the writ. He consequently issued the writ. From the judgment issuing the same this appeal is taken.

*Luce & Luce*, for Appellants.

*W. A. Clark*, for Respondent.

DE WITT, J.—When the statute provides that the school trustees shall have power to remove "schoolhouses" only when directed by a vote of the district so to do, we are of opinion that the term "schoolhouse" does not mean simply the house, but refers rather to the school plant, including the general equipment, furniture, maps, charts, globes, and pupils and teacher. The rural school districts are large geographically, and small in population. The school should naturally be located to best serve the greatest number. Its location can in no way be so satisfactorily determined as by a vote of the electors of the district. Such determination is in accordance with the American principle of majority rule. We take it that it rarely, if ever, occurs that a schoolhouse is moved. In cities the schoolhouses are elaborate structures, the moving of which is wholly impracticable. In the country they are rude buildings, and are likely to be not worth the moving. We doubt that a schoolhouse, as a building, was ever moved in this state. We can scarcely conceive of circumstances where it would be practicable to move the house. On the other hand, changes in the centers of population frequently occur in rapidly developing communities. When they occur, the trustees are likely to be elected from such new center. The people of such new center are likely to want the school near to them. But the trustees must not change the place of the school without the vote of the district. At such election all elements express themselves. Matters of convenience to the majority, questions of expense to the district, suitability of site, and scores of opinions and influences which sway a rural school district, are sifted down through the ballots, and the result demonstrates the will of the people as to the site of their school. This, in our opinion, was within the view of the legislature, and they meant to express their intent (section 1885, subd. 6) that the people should determine the site of their school. This is a more reasonable view than to hold that the statute means to say only that a vote shall be had upon the question of moving the house. The house is the shell—the envelope. The substance is the school itself, and it is that,

in our opinion, which the statute contemplates. The district
court judge was able to observe from the pleadings that the
trustees had moved the school without being directed so to do
by a vote of the district. He apparently held the view that
we have suggested as to the interpretation of section 1885, sub-
division 6, and was of opinion that such act of the trustees was
without authority, and that the demurrer to the answer ought
to be sustained; but he was able to observe, further, that the
school had been moved for three years before the commence-
ment of the *mandamus* proceeding, and had been maintained
at the new place for that time, with the acquiescence of all the
people, and with complaint from none. He said that he
thought the demurrer to the answer should be sustained, but
he may have seen the hardship of disturbing the then and for
three years existing condition of affairs until the will of the
people was announced as to the site of the school. He there-
fore ordered an election to be held. We are not prepared to
say that the court had authority to make this as an order. We
may regard it as a suggestion by the court, acquiesced in by
the parties. The court had authority to continue the hearing
of the case, and the school trustees had authority to hold the
election. During the continuance the trustees did hold the
election.

At the next hearing of the case in the court the trustees
exhibited the election returns, and the result thereof, in a sup-
plemental answer. They presented them as a reason why the
*mandamus* should not issue. In form, this election was an
approval and ratification of the act of the trustees in moving
the school to the new place. In this matter of form the elec-
tion was not wholly regular; but we think that it may be
reasonably held that the result obtained was an expression of
the will of the people that the school should be at the new
place. It is the same result that would have been reached if
the court had, by *mandamus*, required the trustees to move
the school back to the old place, and then an election had been
held, and it was decided to move to the new site. By regard-
ing the election which was held as practically an election
authorizing the trustees to move the school there is saved the
twice moving of the school. We are of opinion that this view

should obtain. The district court, therefore, on the final hearing, had before it this situation: That the trustees had moved the school, and that they had been directed by a vote of the district so to do. The order of these events had been reversed from that doubtless contemplated by the statute; but, by overlooking this irregularity, substantial justice is done, and the will of the people of the district is effected as completely as if the *mandamus* had sent the school back to the old place, and an election, wholly formal, had again sent it over to the new site. We are of opinion that the situation, as presented to the district court upon the final hearing, should have remained undisturbed. "*Interest reipublicæ ut sit finis litium.*" And particularly it interests a small school district that its substance should not be consumed in unnecessary litigation. The district court judge must have inclined to these views when he ordered the election, but, upon the final hearing, he evidently considered the election as of no force, for he ordered the writ issued. We are of opinion that the court had better have refrained from interference. Let the judgment therefore be reversed. The case is remanded to the district court, with directions to dismiss the writ, and enter judgment in favor of the appellants for costs.                                      *Reversed.*

PEMBERTON, C. J., concurs.

HARWOOD, J. (*concurring*).—The real question for determination in this case is whether the supplemental answer of appellants sets forth facts sufficient to constitute a defense to this proceeding for mandamus to compel said trustees to remove the school from its present location back to the schoolhouse formerly occupied; for, if the facts alleged in the supplemental answer constitute a defense, the demurrer thereto admits the truth of those allegations, leaving simply a question of law for determination (section 575, Code Civ. Proc.), and judgment should be entered accordingly. The first change of place of the schoolhouse for said school district, without submission of that question to the electors of the district, as provided in the sixth subdivision, section 1885, of the fifth division of the Compiled Statutes, was irregular, and appears to have been so regarded by the

trial court.   But that removal occurred about three years before the commencement of this proceeding, and I gravely doubt that, after such removal and establishment of said school at the latter place had been acquiesced in for such a period of time, a *mandamus* proceeding should have been entertained to compel the present board of trustees to again remove said school back to the former site, or elsewhere, without first submitting to the electors of said district the question of such removal, as provided in the section of the statute cited *supra.*

Under such a state of facts, I doubt that it could be maintained that the law enjoins upon the present board of trustees the duty of removing said school back to the former site, and to a schoolhouse abandoned three years since, without submitting the question of removal to the proper electors.   If the present board of trustees were not under such duty, then this proceeding will not lie for the purpose sought to be attained. (Code Civ. Proc., § 566.)

The court below, however, in the first stage of the proceedings, was of opinion that the question of the change of the location of said school from its former to its present site should, under the circumstances, be submitted to the electors of said district; and whether the action of the court upon this point be regarded as an order that such election be held, or as a suggestion of the propriety of settling the controversy by such election, to be held under the provisions of the school law, the fact appears by the supplemental answer that such order or suggestion was voluntarily acquiesced in, and such election held pursuant to the provisions of the school law, whereat, as appears, the supporters of each side of the controversy engaged their utmost endeavors to prevail, and the result was a ratification of the former action of the trustees.   It is a familiar principle of law that although an agent, in doing an act for the principal, departs from or exceeds his authority, such action may be ratified by the principal.   The electors of said district having, by their vote, not only ratified the former moving of said school, but in effect declared their will to be that the school remain where now located, it cures the former irregularity, as far as it can be cured.   But, leaving the question of ratification

aside, said election, in effect, as a new proposition, to all intents and purposes, involved the question whether said school should remain at its present location or be removed back to its former site, which question was resolved in favor of the present location. I am unable to conceive how it can be successfully affirmed, in the face of this authoritative declaration by the electors of said district, that said school must still be carried back to the former location, simply because of an irregularity committed by a board of trustees in removing said school to its present site three years ago. Giving to that irregularity all the force it could have, it does not destroy the right of the electors of said district to now determine where said school shall be located; and that determination has been announced in favor of the present location, as appears by the supplemental answer. I therefore, upon these grounds alone, concur, without hesitation, in the conclusions that the supplemental answer, which is confessed as true by the demurrer, shows a sufficient defense to the proceeding; and that judgment of dismissal, with costs, in favor of appellants, should be entered in the court below.