D. A. STAYTON v. C. M. BUTCHEE, C. W. EDWARDS, AND W. H. PORTWOOD.

(Filed September 7, 1905.)

1. SCHOOL HOUSES—Removed, How—Statutes. A school house site, having once been selected and a school house built thereon in accordance with the provisions of the statutes, can only be changed and the school house removed from that location, by authority of the people of the district, expressed in the manner provided by the statutes.

2. SAME—Vote not Required, When. Where the erection of a new school building is authorized by the people of the school district, and no change of the school house site has been made, the school district board is not required before erecting such a building to submit the question of the selection of a site to a vote of the people of the district.

3. SAME—Change in School District—Effect. Under the statutes of this Territory, if the boundaries of a school district should be changed by detaching territory therefrom, such action would not necessarily require the selection of a new school house site, in case the site previously selected should be more than one half mile from the center of the district remaining after such territory is detached, and does not require that before a new school house can be erected, when necessary, upon the previously selected site that the question of the designation of the site shall be re-submitted to the people of the district.

4.  SAME—Gift of Site—Title Passes, When.  The fact that the donor
    of a school house site had not executed a  deed conveying the site
    to the school district until after bonds were voted for the erection
    of a new building can make no material difference, the title passed
    to the school district upon the acceptance of his offer, and the de-
    livery by him of, and the taking by the district of, possession, and
    using the site for the purpose for which it was donated.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before
C. F. Irwin, Trial Judge.*

*Chas. H. Eagin,* for plaintiff in error.

*Brown & Powers, A. M. Stewart* and *T. M. Robinson*
for defendants in error

Opinion of the court by

BEAUCHAMP, J.:   Plaintiff in error commenced this ac-
tion in the district court of Greer county to enjoin the de-
fendants in error, as the school district board of school dis-
trict No. 15, in Greer county, from erecting and completing
a school house then being erected in said district.  In the
absence of the district judge, on application, the probate
judge granted a temporary injunction.  Afterwards on mo-
tion of the defendant in error, and after a hearing, the dis-
trict court dissolved the temporary injunction, to which order
of the court the plaintiffs excepted, and was by the court al-
lowed thirty days in which to file his petition in error in
the supreme court.  Plaintiff in error brings case here by
petition in error and case made for review.

On hearing  on the motion  to dissolve  in the  district
court, counsel for the respective parties stipulated in writing
as to facts, which are about as follows: In the year 1896,
school dstrict No. 15, Greer county, was organized and has
been a school district ever since.   At the annual meeting of

the district held in July, 1898, by a vote of qualified electors, a site for a school house for said district was designated, which was within one half mile of the center of said district, and a house was built thereon; that said site has been used continuously as a school site for said district ever since. The site was selected by the board on the homestead of L. M Davis, which was donated by him to the district, and accepted by the district at said annual meeting; the site was immediately surveyed by the school authorities, a school house erected, and a well dug thereon. Prior to the year 1903 the school district comprised a large territory, and in July of the year, the county superintendent detached a considerable portion of the east side of the district, and created a new district composed of said detached territory and other territory, leaving the school house site within the boundaries of the old district, and within one half mile of the east side thereof, and that the value of the old school house was less than $500. In 1904 the old district voted bonds in the sum of $500.00 to erect a new school house. No different site or new site has been designated. Subsequent to the time the bonds were voted, Davis never having executed and delivered a deed to the district, he executed and delivered a deed to the district for the old site previously donated by him. The board, without submitting the question of the selection of a new or different site for the new school house to the vote of the people, sold the bonds, and with the proceeds bought material and commenced the erection of a new school house on the old site; that at the time this action was commenced the improvements on the site were worth more than $500.00 consisting of the old house and the unfinished new house.

The only question for our consideration is as to whether the trial court erred in dissolving the temporary injunction upon the admitted facts in the case. The contention of the plaintiff in error is that when an old district is changed, and such a considerable portion of its territory detached as to leave the school house site far to one side, and more than one half mile from the center of said district, and the school house of said district is of less value than $500.00 and the district has never acquired title to the old site until after a large portion of the territory had been detached and until it had voted bonds to build a new school house, that the district board has no power or authority to locate the new school house on the old site, but must, before commencing the erection of the school house, submit the question of the selection of a proper site to a vote of the people of the district, and that the site designated by the people of the school district must be within one half mile of the center of the district, as then bounded. Counsel on both sides have cited no authorities, and observe that they have been unable to find any.

Under the provisions of the statutes of this Territory, Wilson's statutes, section 6139 provides:

"6139. It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it, by making them conform to existing topographical or physical conditions. * * * *"

"6147. When a new district is formed in whole or in part from one or more districts possessing a school house or entitled to other property, the county superintendent, at the time of forming such new district shall equitably determine

the proportions of the present value of such school house or other property justly due to said new district.  Such proportions when ascertained shall be levied by the district board of the district retaining the school house or other property upon the taxable property of the district, and shall be collected in the same manner as if the same had been authorized by a vote of the  district for the  building of a new  school house, and when collected shall be paid to the treasurer of the new district, to be applied towards procuring a school house for such district."

"6149.  An annual meeting of each school district shall be held on the second Tuesday of July in each year, at the school house belonging to the school district, at 2 p. m. Notice of the time and place of said annual meeting shall be given by the clerk by posting written or printed notices in at least three public places  within the district,  at least  ten days previous to the time of such meeting. * * * *"

"6154.  The inhabitants qualified to vote at a school meeting lawfully assembled, shall have power: * * * * * *

"4th.  To designate by vote a site for the district school house:  Provided, that the designation of a site for a district school house shall not be over one half mile from the center of said district.

"5th.  To vote annually a tax not exceeding two per cent, on all the taxable property in the district, as the meeting shall deem sufficient for the various school purposes, and distribute the amount as the meeting shall deem proper in the payment of teachers' wages, and to build, hire, or purchase a school house and to keep it in repair and to furnish the same with necessary fuel and appendages, and to purchase or lease a site: Provided, that when not included within the limits of a town or village said site shall not contain less than one acre.

"6th.  To authorize and direct the sale of any school site or other property belonging to the district (when the same shall be no longer needful for the district) * * * * * *

"Sec. 6156. That in school districts having school houses the value of which is not less than five hundred dollars the school house site shall not be changed except by a vote of at least three fifths of the legal voters of such district in favor of such change."

"Sec. 6184. The district board shall purchase or lease such a site for a school house as shall have been designated by the voters of a district meeting, in the corporate name thereof, and shall build, hire or purchase such school house as the voters of the district in a district meeting shall have agreed upon, out of the funds provided for that purpose, and make sale of any school house site or other property of the district, and, if necessary execute a conveyance of the same in the name of their office, when lawfully directed by the voters of such district, at any regular or special meeting and shall carry into effect all lawful orders of the district."

It is not questioned but that the school house site was lawfully and regularly selected and designated in the first instance. Does the fact that territory was subsequently detached from the district necessarily require that before a new school house can be erected when necessary, that the question of the designation of the site shall be resubmitted to the people of the district? We think not. If the people of the district desire that the site should be changed, ample provision is made by section 6156, and the school house then being of less value than $500.00 the site could have been changed by a majority vote. By construing the various provisions of the statute together, we think it clear that it was not intended that if the boundary of a district should be changed by detaching territory therefrom, that such action would necessarily require the selection of a new school house site, in case the site previously selected should be more than one half mile from the center

of the district remaining after such territory is detached. By provisions of section 6147, when a new district is formed in whole or in part from one or more districts possessing a school house or entitled to other property, the value of the school house or other property shall be determined, and an equitable proportion of the value thereof shall be paid by the district retaining the school house to the new district. By section 6197, it is provided:

"That whenever a school house or other improvements have been made upon the claims of any settler upon any of the public or Indian lands, within this Territory, to which the said settler had no title, it shall be lawful for the school directors of the proper district to remove said school house or other improvements from the said claim at any time within one year from the time that the settler in any given case may acquire a title to his said claim: Provided, that the said settler, in any given case, shall convey to said board of school directors one acre of land upon which said school house or other improvements are situated, the same shall not be removed." * * * * *

Therefore, if we should give to the statutes the construction contended for by counsel for plaintiff in error, a school district from which territory is detached and of which a new district is formed, would be required to pay to the detached territory a proportion of the value of the school house and other property and if such school house shall be located upon the claim of a settler who shall have conveyed to the district the land upon which the school house and other improvements is situated, then the district from which the territory was detached could not remove the school house or other property; hence it would be required, if the school house should be located more than one half mile from the

center of the district, to abandon the original site and improvements thereon and select a new one. In other words, under the construction of counsel for plaintiff in error, the school district from which territory is detached, would have to pay a proportion of the value of the school house and then, if the school house was not located within one mile of the center of the district as then bounded, would have to abandon the original school house site.

Again by section 6197 it is provided, that if any school house, costing not less than $500.00 shall have been built upon the claim of any settler upon public lands, the probate judge of the county shall appoint three disinterested persons, who shall appraise and condemn one acre of such land upon which said improvements shall have been located. and it shall be the duty of the school directors of such district to pay to the owner of such land the value of such land as found by the appraisers.

The construction of the statutes contended for by the counsel for plaintiff in error could not be given without doing violence to the express provisions of the statutes. The provision of the statute that the designation of a site for a district schoolhouse shall not be over one half mile from the center of said district has reference only in a case where it is desired to select a site, and cannot be construed to mean that where a site had once been regularly settled, that by reason of detaching territory, from such district after a site has been designated, a new site shall be selected.

A school house site, having once been selected and a school house built thereon in accordance with the provision of the statute, can only be changed and the school house removed from that location by a competent authority.

Stayton v. Butchee *et al.*

Where the erection of a new building is authorized by the people of the district and no change of the school house site has been made, the board is not required before erecting such a building to submit the question of the selection of a site to a vote of the people of the district. The fact that Davis had not executed a deed until after the bonds were voted can make no material difference. Even though no deed of conveyance was at the time executed by Davis, the owner of the land, the title nevertheless passed on the acceptance of the offer, and the entry into possession of the land, and the use of the same for the purpose for which it was donated.

The order of the district court dissolving the temporary injunction is affirmed, with costs to plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.