**BOARD OF ED., TOWN OF CARNEY, v. NEWS DISPATCH PRINTING & AUDIT CO.**

No. 16298—Opinion Filed March 23, 1926.

Rehearing Denied April 27, 1926.

**1. Schools and School Districts—Contracts —Official Action of Board as Requisite.**

A school board can make contracts only when acting as a board, which requires that all of its members meet or be given an opportunity to meet, by being notified, so they may have an opportunity to consult and consider together the contract; and the concurring of a majority of the members of the board constitutes the action of the board.

**2. Same—Invalid Contract by Board Members Separately—Ratification.**

A contract, made by members of a school board acting separately without a board meeting, is invalid and unenforceable, but the same may be ratified by the board at a meeting, by a vote of a majority of its members approving the contract.

**3. Same—Ratification by Retention of Benefits.**

When a school board receives and retains the benefits of an invalid or irregular contract, made by its members acting separately and without any board meeting, it shall be deemed to have ratified the contract and is bound thereby.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by News Dispatch Printing & Audit Company against the Board of Education of the Town of Carney, State of Oklahoma. Judgment for plaintiff, and defendant brings error. Affirmed.

Cox & Cox, for plaintiff in error.

W. E. Wells and Andrews & Andrews, for defendant in error.

Opinion by JARMAN, C. The News Dispatch Printing & Audit Company, herein after referred to as plaintiff, entered into a written contract with the board of education of the town of Carney, hereinafter referred to as defendant, wherein the plaintiff agreed to audit the books and records of the defendant, and for such services was to receive $15 per day and expenses. At this rate the plaintiff earned $276, for which a bill was rendered which the defendant declined and refused to pay, resulting in this action being instituted by the plaintiff. Directed verdict was returned for plaintiff for the amount sued for, on which judgment was rendered, and the defendant has appealed.

The evidence discloses that a representative of the plaintiff entered into said written contract with two members of the defendant school board; the third member of the board was not present when this transaction was had, and no regular meeting of the board had been called, and none was had at the time the contract was made. At the next regular meeting of the board, all three members thereof were present, and the two members who had executed the contract advised the third member of their action, and stated to him that the work was not to cost the board more than $75, and thereupon the contract theretofore executed by two of the members was approved. Thereafter, the plaintiff caused the books and records of the defendant to be audited and submitted its report to the defendant, which was received

and accepted by the three members of the school board in regular session, but they declined and refused to pay the bill for the work and expenses for the reason that the same exceeded $75.

It is the contention of the defendant that the contract, made by two of its members when no meeting was being held by the members of the school board, was invalid. With this contention, the plaintiff takes no issue. The defendant further contends that the contract sued on, being the one that was entered into by the plaintiff with two members of the school board at a time when no regular meeting of the board was being held, was never presented to the board in regular session and approved by it, and therefore the same was never ratified so as to become a binding contract on the part of the defendant. The defendant insists that the contract that was before the board, and which was approved or ratified by it, was one in which it was represented that the plaintiff was to receive not to exceed $75 for the work performed and expenses incurred in auditing the books and records of the defendant. It is true that the third member of the board did not know until after the work had been completed, that the contract in question provided that plaintiff was to be paid at the rate of $15 per day, and that he understood that the work and expenses were not to exceed $75; but the other two members of the school board did know that the contract provided for the payment of $15 per day, and, at the regular meeting, the contract was approved with this knowledge on their part, which constituted knowledge on the part of the board, they being a majority thereof. No contention is made that the two members of the board, who executed the contract, did not understand the terms and conditions of the contract, and no fraud nor mistake is alleged. The concurring of two members of the board in a regular meeting constitutes the action of the board, and it is not necessary that all three members of the board concur. School District No. 39 v. Shelton, 26 Okla. 229, 109 Pac. 67. Furthermore, it was the duty of the third member of the school board to have examined the contract in question and to have become acquainted with its terms before attempting to consider and approve the same in a regular meeting, and his dereliction in this respect cannot be invoked by him nor by the board to defeat the contract.

The fact that the members of the board permitted the plaintiff to perform services under a contract which they knew had been executed and was in existence, and received and enjoyed the benefits of the services rendered by the plaintiff, under the contract, completely ratified said contract. The following rule, announced by the court in the case of Doyle et al. v. School District No. 38, 30 Okla. 81, 118 Pac. 386, is applicable here:

"The act of the two members of the school district board, in employing plaintiffs in error, has been fully and completely ratified by the school district by the acceptance of their services, and the enjoyment of the benefits secured to the district by their efforts. * * * When a quasi public corporation receives and retains the benefits of an irregular contract, made by the members of the school district board, acting separately, without any board meeting, it shall be deemed to have ratified the same, and must pay for the services, or other property, so obtained for its use."

For the reasons given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 902, 903. (2) 35 Cyc. p. 962. (3) 35 Cyc. p. 963; anno. 34 L. R. A. (N. S.) 129; 24 R. C. L. p. 580, et seq.