AMERICAN ASBESTOS PRODUCTS CO. v. INDEPENDENT SCHOOL DIST. NO. 14 et al.

No. 31672. Dec. 22, 1945.

*164 P. 2d 619.*

A. C. Markley, of McAlester, for plaintiff in error.

Counts & Jones, of Hartshorne and McAlester, for defendants in error.

ARNOLD, J. The American Asbestos Products Company, a foreign corpora-

tion, alleged in its petition against independent school district No. 14, and J. S. Rowley and Charles Rowe, clerk and president of the school board of said district, that on March 12, 1940, the said J. S. Rowley and Charles Rowe, individually, executed and made to plaintiff two written orders or contracts for paints and other materials of the aggregate value of $240.60; that said materials were delivered to said defendants on June 26, 1940; "That the said school district No. 14 had for the year 1930-40 provided a maintenance of building fund for the payment". The plaintiff attached as an exhibit to its petition the written purchase orders which show on their face absence of certification of an unencumbered balance in the fund appropriated for the payment of such materials. In its second cause of action plaintiff repleaded all the allegations made in its first cause of action against the district and, more specifically, as against the individual defendants, the plaintiff alleged:

"That if said defendants did not have the authority and power to bind the said school district No. 14 by the signed contracts, that each of said defendants are personally liable to plaintiff for the payments of said obligations, and for which plaintiff prays for judgment against said defendants, J. S. Rowley and Charles Rowe."

A legal and binding contract against a school district can be made only by its board of education in regular session. Board of Education of Town of Carney v. News Dispatch Printing & Audit Co., 117 Okla. 226, 245 P. 884.

The alternative cause of action alleged by plaintiff against the individuals named in substance alleged that said members of the board of education executed the written purchase orders as individuals. Such allegations are sufficient to establish the invalidity of the contracts and the lack of authority of said members of the board of education of said district to bind the district in the manner attempted.

Legal indebtedness against an independent school district can be incurred only by its board of education in regular session, certified by the proper officer as being within the unencumbered balance of an appropriation made for the purpose, and a cause of action stated against such district which fails to disclose these essentials of a valid indebtedness is insufficient as against a general demurrer.

The two purchase orders which were attached as exhibits to plaintiff's petition disclose that these two members of the board did not have said purchase orders approved by the board of the district, nor did they, after such approval by the board, cause the same to be certified as within an unencumbered balance of an appropriation made for the purpose. These two ministerial acts are mandatory requirements of our statute. The purchase orders directed shipment to school district No. 14 and were individually signed as indicated. School board members who sign such a written order and procure delivery of the supplies ordered thereby are personally liable thereon. Amy v. Supervisors, 11 Wall. 136, 20 L. Ed. 101; First National Bank of Key West v. H. H. Filer et al., 107 Fla. 526, 145 So. 204.

The allegations of the second cause of action stated a cause of action against the individual defendants and the joint general demurrer of said defendants should have been overruled.

The judgment of the trial court is affirmed as to the independent school district No. 14 and reversed as to the individual defendants, J. S. Rowley and Charles Rowe.

GIBSON, C. J., HURST, V. C. J., and BAYLESS, CORN, and DAVISON, JJ., concur.