WEISBERGER et al. v. UNITED STATES FIDELITY & GUARANTY CO.

No. 32638. Jan. 13, 1948.

*188 P. 2d 864.*

A. C. Markley, of McAlester, for plaintiffs in error.

Jack Bradley, of Wilburton, for defendant in error.

HURST, C.J. Weisberger and Weisberger, doing business as National Products Company, sued United States Fidelity & Guaranty Company, surety on the official bond of the county clerk of Latimer county, to recover the purchase price of janitor's supplies. From a judgment for the defendant, the plaintiffs have appealed. The plaintiff joined the county clerk and the board of county commissioners as defendants, but they are no longer in the case.

The issue made by the pleadings was whether the supplies were purchased for the office of the county clerk. The defendant alleged that they were purchased for Latimer county and not for the office of the county clerk. The only evidence in the record on this issue is the two invoices showing the name of the buyer to be "Sam Riddle, Clerk," and that the supplies were "sold to Latimer County Courthouse". This was insufficient to prove that the supplies were for the county clerk's office so as to make the surety on his official bond liable under 62 O. S. 1941 §315, which commits the purchase of supplies, etc., for the various county and municipal officers to the officer in charge of the office or department, and provides that "the county and municipal officers referred to herein are hereby made responsible on their official bond for any and all purchases of supplies, equipment, printing and sundry maintenances for **their respective offices.**" (Emphasis ours.) The defendant says that this is the only statute imposing liability on the surety on the official bond under which it could be held liable, and the plaintiffs point to no other statute. American Asbestos Products v. Ind. School District, 196 Okla. 274, 164 P. 2d 619, relied upon by plaintiffs, is not in point, since there the members of the school board were the proper purchasing agents and, further-

more, it does not appear that liability of the sureties on the official bonds was involved.

We conclude that, since plaintiff failed to prove that the supplies were purchased for the county clerk's office, the defendant as surety on the county clerk's official bond is not liable to plaintiff for the supplies.

Affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.