**SEARS**

v.

**BOARD OF EDUCATION, JOINT INDEPENDENT SCHOOL DIST. NO. 35, JOHNSTON COUNTY.**

No. 36041.

Supreme Court of Oklahoma.

May 25, 1954.

Geo. B. Forrester, Tishomingo, for plaintiff in error.

John Allen Phillips II, Durant, for defendant in error.

O'NEAL, Justice.

This action was commenced by D. B. Sears, hereinafter called plaintiff, to recov-

er $742.50 for work and labor performed and is against Board of Education, Joint Independent School District No. 35, Johnston County, defendant. An original and an amended petition was filed. Defendant demurred to the petition as amended and the demurrer was sustained. Judgment was entered for defendant and plaintiff appeals.

 In the petition it is alleged that the work was done and performed between June 1950 and July 1951, and that there was a total amount of $942 due on which payment of $199.50 was made. The amended petition stated that the action was not to recover for supplies but was for work done on a schoolhouse to be used by the pupils of said district. This amended petition also alleged payments by warrants to other persons working on the building. Plaintiff cites Stayton v. Butchee, 16 Okl. 232, 82 P. 726. This case involves the location of a schoolhouse. We find no connection between this case and the issues presented in this appeal. Plaintiff also cites 70 O.S.1951 § 7-4. This section is in the chapter on annexation and consolidation. Likewise this section has no bearing on the question presented. In American Asbestos Products Co. v. Independent School Dist. No. 14, 196 Okl. 274, 164 P.2d 619, it is stated:

"Legal indebtedness against an independent school district can be incurred only by its board of education in regular session, certified by the proper officer as being within the unencumbered balance of an appropriation made for the purpose, and a cause of action stated against such district which fails to disclose these essentials of a valid indebtedness is insufficient as against a general demurrer."

In the opinion of said case it is stated:

"A legal and binding contract against a school district can be made only by its board of education in regular session. Board of Education of Town of Carney v. News Dispatch Printing & Audit Co., 117 Okl. 226, 245 P. 884."

Plaintiff contends that these principles of law do not apply to a contract of a school board for work and labor performed in remodeling a building into a school building, but cites no cases supporting his contentions. The cases cited are not in point. The case of American Asbestos Products Co. v. Independent School District No. 14, supra, relied upon by defendant is determinative of the question involved herein.

There was no allegation of a contract between plaintiff and defendant. Neither was there an allegation that there was a valid indebtedness within a valid unencumbered balance of an appropriation for said work and labor.

There was no error in sustaining the demurrer to the petition as amended and entering judgment for defendant.

Affirmed.