BALDWIN ET AL. v. ROUSSEY ET AL.

[No. 24,125.   Filed June 30, 1922.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Relocation of Schools.—Consolidation.— Procedure.— Statutes.—* Section 6410 Burns 1914, Acts 1901 p. 514, concerning the general duties of school trustees, is limited by §6417 Burns 1914, Acts 1893 p. 17, providing that, whenever it becomes necessary for the trustee of any school township to change and re-establish the site of any school building, he shall present to the county superintendent a petition showing the place it is desired to relocate the school building and to remove the same thereto, together with a statement of the reasons for the proposed change of location, and that the petition shall be signed by a majority of the patrons of the school where the building is located, and where a township trustee attempted to consolidate elementary schools by erecting a central elementary school building, the building replacing such elementary schools being destroyed by wind, it was necessary to have the petition required by §6410. p. 304.

2. TRIAL.—*General Finding for Plaintiff.— Effect.—* A general finding for plaintiff is a finding that all necessary facts pleaded by the complaint are true as having been proved by sufficient evidence. p. 307.

From Allen Superior Court; *William N. Ballou*, Judge.

Action by Louis Roussey and others against Joseph E. Baldwin, trustee of Jackson school township, and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Lee J. Hartzell, Levi A. Todd* and *John H. Aiken*, for appellants.

*John W. Eggeman, Niezer, Crosby & Murphy* and *Clyde W. Reed*, for appellees.

TRAVIS, J.—This is an action to enjoin the appellants from accepting bids or from entering into any contract for the sale of bonds, or from offering for sale any bonds, for the erection of a central elementary school building in Jackson township, Allen county.

Issue was joined by a general and a special answer to appellees' complaint, and a reply of general denial.

The facts pleaded by the complaint are, that the plaintiffs were taxpayers of the township, and defendants were the trustees of the civil township and school township of Jackson respectively. Jackson township had in existence six elementary public school buildings which were a part of the public school system of the township, five of which were being regularly used for elementary school purposes. The defendant trustee was making preparations to abandon and relocate all of said schools, by building a central elementary school building in said township, the contract for which had been let, and establishing such new building on a new site, and consolidating the old elementary schools into the one new central school building. The township trustee had purchased the new site; had entered into a contract with an architect, who had, by virtue thereof, prepared plans and specifications for such new building; and had let contracts for the construction of such new school, which were subject to the sale of bonds by said township, to raise the necessary funds to pay for the construction thereof, in the sum of $47,000. The complaint alleged further that there was a daily average attendance of more than fifteen pupils in each of the said schools which were to be abandoned by the carrying out of said scheme; and that the said trustee had not procured the written consent by the majority of the legal voters, who were entitled to vote for township trustee in such districts in said township, for the abandonment of said schools or any one of them; and that said trustee had not presented to the county superintendent of schools of said county a petition which stated the place and property upon which it was desired to relocate said school house, or any of them, and remove the same thereto; nor had he procured an order from such county superintendent of schools to change the situation and location of any of the said schools; and that such trustee

had not procured a petition signed by such trustee and a majority of the patrons of the schools, where said old school buildings are located, or of any of either of the districts which he now proposes to relocate and abandon; and that a majority of the legal voters of any such said school districts had not petitioned such trustee for the abandonment of their school or schools, nor for the consolidation of their school or schools with some other school district in said township.

The defendant trustee by his special answer to the above facts, alleged that prior to November 1, 1919, there were located in said township eight public school buildings, and that on November 29, of that year, schoolhouse No. 1 was blown down and destroyed by a cyclone; and thereafter on March 28, 1920, schoolhouses Nos. 7 and 8 were blown down and totally destroyed by a cyclone; and that thereafter no public schools had been constructed or erected in said three districts; that prior to the time of such destruction of such school buildings, the school in district No. 2 did not have a daily average attendance of pupils of twelve or more, on account of which this school had been discontinued by such trustee in the year 1919; and that before the beginning of the year 1921 the school in district No. 6 did not have a daily average attendance of twelve pupils or more; but that after the destruction of said three school buildings by cyclone, the trustee had caused the pupils from school districts Nos. 1, 7 and 8 to be transported to the remaining schools Nos. 2, 3, 4, 5 and 6. Schoolhouses Nos. 2 and 3 were in bad condition because of sunken floors and cracked walls, loss of plastering on the ceilings, and the poor condition of windows, which made it impossible to warm the rooms; and that because of such defects the schools were in such unfit condition that it would be necessary to spend a large sum of money to repair said buildings to make them fit for the use for which

they were intended. It was the purpose in the proposed construction of the new elementary and consolidated school to furnish a school building for and to transport all of the pupils from school districts Nos. 1, 2, 6, 7 and 8 to said proposed new central elementary school; and that although the trustee had not at any time attempted to discontinue or abandon the schools located in districts Nos. 3, 4 and 5, and had not intended to abandon or relocate these schools except upon petition by majority of the legal voters of such districts entitled to vote for township trustee, yet in furtherance of the plan to construct the new building a special meeting of the township advisory board was called to meet at the office of the trustee on April 6, 1920, at which meeting the board adopted a resolution that it was "indispensably necessary to purchase a site for the construction and erection of a new school building by reason of the fact that the school buildings heretofore erected were destroyed by cyclone and wind storm on the 28th day of March, 1920, in said districts numbers 8, 7, and 1, in said township;" and that in accord with such resolution the trustee had employed an architect, who under such employment had prepared plans and specifications for a new school building, and that said trustee had paid the architect for his services in the sum of $1,300; condemnation proceedings had been instituted by the trustee, by virtue of which was purchased a lot at or near the center of the township, at a cost of $2,000, which lot was for the new school building; the trustee employed attorneys who had charge of the legal work in connection with the building of this school, and that the legal fees, together with the cost of the lot and fees of the architect, amounted to $4,500. Legal notices were inserted in two newspapers of opposite political faith, published in the county, for sealed bids for the construction of such new elementary school, and by vir-

tue of the bids received pursuant to such advertisements, bids were accepted and contracts entered into for the general contract, and for heating, plumbing, lighting, and wiring the building; and that no objections or remonstrances had been filed in opposition to such action, or legal proceedings instituted to stop the receiving of bids and the execution of contracts; and thereafter the trustee offered through proper legal notices the $47,000 par value, of school bonds of the township; and that by virtue of such notice a bid had been received for such bonds.

No motions or attacks upon either of these pleadings were presented or filed with the court, and the complaint was not challenged by demur. A trial upon the merits of the case before the court resulted in a general finding and judgment thereon for the plaintiff, from which defendant appeals.

The only question raised by the errors assigned, and the causes for a new trial is, whether §6410 Burns 1914, Acts 1901 p. 514 or §6417 Burns 1914, Acts 1893 p. 17, governs the case.

1. The question, the objection to which was overruled, and upon which ruling one of the causes in the motion for a new trial is based, is worded as follows: Question—"Did you ever receive a petition from the school patrons of any or all districts, to construct a consolidated elementary school before April 6th, 1920?" to which question the defendants objected for the reason that "it is not necessary in order to build an elementary school, to replace one destroyed by wind storm to have a petition to erect a centralized elementary school." The objection was overruled and exception taken. Witness answered the question "No."

The question is predicated upon §6417 Burns 1914, *supra*, which provides that such trustee shall present to the county superintendent of schools a petition setting

forth therein the place and particular point to where it is desired to change and relocate the site of any such building, and to remove the same thereto, together with a brief statement of the purposes and reasons for such proposed change of location of said school building; and that said petition shall be signed by said trustee and the majority of the patrons of the school where said building is located.   Appellant bases his defense to this action and objection to the question upon §6410 Burns 1914, *supra,* which is the general statute concerning the duties of school trustees.   It will be again noticed that appellant did not challenge the complaint by demurrer, and that the question elicited evidence of a fact having particular relation to §6417 Burns 1914, *supra,* and to that part of said statute concerning a petition by the majority of the patrons of the school where said building is located.

The position this court may take upon this cause for a new trial must decide whether the township trustee was rightfully acting under §6410 Burns 1914, *supra,* as his authority, or whether §6417 Burns 1914, *supra,* should govern the case.

Under the general law as defined by statute prior to 1893, the year in which §6417 Burns 1914, *supra,* was enacted, the general duties of township trustees were much more elastic than since the enactment of the statute in that year, and other limiting statutes enacted by subsequent general assemblies.   *Carnahan, Trustee,* v. *State, ex rel.* (1900), 155 Ind. 156, 57 N. E. 717, and cases cited; *Brandt* v. *State, ex rel.* (1908), 171 Ind. 288, 86 N. E. 337.

It will be observed by the cursory reading of §6417 Burns 1914, *supra,* that it seems to refer only to the change and re-establishment of the site of any school building and the removal of said building to a new site

and location therefor, upon which construction the appellant seized, as a basis for his theory; and that by the partial or total destruction of the schoolhouses as pleaded by his special answer, the school districts were destroyed, and that there was no school building or site of a school building to be changed or re-established, and upon which theory he based his objection to the question objected to by him.

The sole question is, was statute, §6417 Burns 1914, *supra*, broad enough in its comprehensiveness to include a situation such as is depicted by the facts alleged in appellee's complaint. If it was of sufficient breadth upon which the suit at bar can be well predicated, both of appellant's causes for a new trial must fail. The position taken by appellants that the statute, §6417 Burns 1914, *supra*, has application only to cases where it is proposed to remove the school building itself to a changed and re-established site therefor, and not to cases where it is desired to change merely the site of the school, and corollary thereto, that the action of a trustee who simply wishes to erect a new school building at a place different than the location of the old one, is not controlled by this section of the statute, seems to be not well founded. The court at this time is constrained to follow the reasoning in the opinion of the case of *Kessler* v. *State, ex rel.* (1896), 146 Ind. 221, 45 N. E. 102, in which opinion it was held that the language of the act of 1893 p. 17, being §6417 Burns 1914, *supra*, does not admit of such limited interpretation as argued by the appellants in the case at bar.

It is therefore held, that said §6417 Burns 1914, *supra*, controls, and that said §6410 Burns 1914, *supra*, is so limited by said §6417 Burns 1914, *supra*, that it is not applicable to this case.

The general finding of the trial court in favor of the appellee, is a finding that all necessary facts pleaded by

the complaint are true as having been proved by sufficient evidence. The court is of the opinion that there was sufficient evidence to sustain the decision of the trial court.

The question propounded to appellant and which was objected to by him was well founded, and the overruling by the trial court of the objection thereon was not error; and the decision of the trial court is not contrary to law.

Judgment affirmed.